UNITED STATES of America ex rel.
James W. HARBOLD, Appellant,

v.

D. N. MYERS, Superintendent, State Correctional Institution, Graterford,
Pennsylvania.

No. 15783.

United States Court of Appeals
Third Circuit.

Submitted on Briefs Sept. 15, 1966.

Decided Oct. 6, 1966.

James W. Harbold, pro se.

John F. Rauhauser, Jr., Dist. Atty.,
York County, York, Pa., for appellee.

## OPINION OF THE COURT

Before STALEY, Chief Judge and
McLAUGHLIN and SEITZ, Circuit
Judges.

SEITZ, Circuit Judge.

This is an appeal from an order from
the United States District Court for the
Eastern District of Pennsylvania denying a writ of habeas corpus.

The appellant ("petitioner"), a state
prisoner, was convicted of murder in the
first degree with the penalty fixed at
life imprisonment in 1962. Following
his conviction, the petitioner's counsel
filed motions for a new trial and in arrest of judgment. Thereafter, and before the motions were brought on for
consideration by the court, the defendant
both orally and in writing asked that
the motions be withdrawn and sentence
imposed. After further consultations
with his counsel regarding the consequences of such action, the motions were
withdrawn upon the petitioner's own initiative and at his insistence. This matter was reviewed in open court by counsel for the petitioner in the presence of
the petitioner.

Sometime after commencing his sentence in the State Penitentiary the petitioner filed a writ of habeas corpus in
the Court of Common Pleas in York
County, Pennsylvania. His petition set
forth, inter alia, the grounds originally
asserted in his motions for a new trial
and in arrest of judgment. The State

trial court reviewed the grounds of his motions on their merits and determined them to be without merit. The requested writ was denied. Thereafter the petitioner appealed to the Supreme Court of Pennsylvania which affirmed the action of the lower court in an opinion reflecting full concern for the legitimate rights of the petitioner. The court not only agreed with the decision of the lower court based on the lack of merit in the grounds asserted in the original motions but added that petitioner had lost his right to collaterally attack the conviction because it found that he had withdrawn his motions under circumstances which dictated an effective waiver by him. See Commonwealth ex rel. Harbold v. Myers, 417 Pa. 358, 207 A.2d 805.

Thereafter, petitioner filed his petition for a writ of habeas corpus in the Federal District Court which denied the writ without a hearing. Petitioner appeals to this court and raises but two points.

■ Petitioner first claims that during the first day of his jury trial he was handcuffed to the sheriff and that this violated his rights to a fair trial under the 14th Amendment.

The undisputed facts show that court appointed counsel told the trial judge that the petitioner appeared to be emotionally unstable and might attempt to escape. Based on this statement the trial judge caused the petitioner to be handcuffed. However, after the first day of trial, at the request of petitioner's counsel, and in the absence of the jury, the court ruled that the trial was to continue without the petitioner being handcuffed. While the petitioner was handcuffed during the first day of trial, there is nothing in the record to indicate that full communication did not exist between petitioner and his counsel.

In the circumstances of this case we do not deem it necessary to consider the law generally in this field. We think the record shows that the trial judge's decision with respect to the handcuffing of the defendant was not unreasonably based on the representations of the petitioner's counsel. This is so whether or not those representations were well founded, absent some other considerations not here present. Nor do we believe that the fact that the petitioner behaved properly during the course of the trial rendered constitutionally erroneous the decision made at the commencement of the trial based on the representations of the petitioner's counsel.

Under the circumstances of this case we do not find any constitutional unfairness based on the fact that the petitioner was handcuffed during the first day of his jury trial.

Petitioner next contends that he withdrew his post trial motions for a new trial because he desired to be sentenced to a State Penitentiary to escape the intolerable circumstances in the York County Prison. Presumably he was to be kept there until the disposition of the motions. We note that this contention was never made at any stage of the habeas corpus proceedings and, indeed, was raised for the first time on the petition for rehearing before the United States District Court.

■ First off, it is clear that the petitioner did not exhaust his state remedies with respect to this contention. This point is emphasized by the fact that the Supreme Court of Pennsylvania did not consider any contention as to the voluntary nature of the withdrawal of the motions. Indeed, in reviewing this matter, it stated that " * * * the record relating to the withdrawal of the post conviction motions is entirely free from any suggestion of coercive circumstances." Certainly the present contention would have been a proper matter for the consideration of the State Court and yet, it appears to have been "saved" for the Federal Court proceedings.

■ We note an additional ground why the petitioner's claim lacks merit. The petition seeks a writ of habeas corpus which in effect would entitle peti-

tioner to no more than a review of the merits of the grounds of his motions for a new trial and in arrest of judgment. As can be noted from a reading of the opinion in Commonwealth ex rel. Harbold v. Myers, above, the state trial court found the grounds of the motions to be without merit and the Supreme Court agreed, although it went on to decide that the petitioner had waived his rights with respect to the subject matter of his motions. The petitioner has therefore obtained that which he sought by his request for a writ of habeas corpus, albeit the result is not to his liking. The reviews by the State and Federal Courts leave the legality of his original conviction unsullied.

The judgment of the United States District Court for the Eastern District of Pennsylvania denying the application for a writ of habeas corpus will be affirmed.