Commonwealth ex rel. Harbold, Appellant, *v.*
Rundle.

Submitted May 22, 1967. Before BELL, C. J., MUS-
MANNO, JONES, EAGEN, O'BRIEN and ROBERTS, JJ.

*James W. Harbold,* appellant, in propria persona.

*John F. Rauhauser, Jr.,* District Attorney, for appellee.

OPINION BY MR. JUSTICE ROBERTS, September 26,
1967:

Petitioner-appellant James W. Harbold has again
found his way to our Court. Harbold was convicted
by a jury in 1962 of first degree murder; the jury fixed

the penalty at life imprisonment. At petitioner's express request post-trial motions were withdrawn; no appeal was taken. His first habeas corpus petition reached this Court in 1965 and, after an exhaustive review of the record, was denied. *Commonwealth ex rel. Harbold v. Myers,* 417 Pa. 358, 207 A. 2d 805 (1965). A federal court habeas attempt followed with a similar lack of success. See *United States ex rel. Harbold v. Myers,* 367 F. 2d 53 (3d Cir. 1966), cert. denied, 386 U.S. 920, 87 S. Ct. 885 (1967).

Harbold would now have us for the first time consider an allegation that confessions employed at his trial were coerced.[1] Petitioner's claim bears a striking resemblance to that asserted in *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967); we stressed in *Snyder* the necessity of determining whether *petitioner* deliberately bypassed orderly state procedures available for assertion of his now claimed denial of due process. Our decision in Harbold's first habeas corpus attempt amply demonstrates that petitioner,

---

[1] In great part petitioner rests his claim upon an alleged violation of the doctrine of *Escobedo v. Illinois,* 378 U.S. 478, 84 S. Ct. 1758 (1964). *Johnson v. New Jersey,* 384 U.S. 719, 86 S. Ct. 1772 (1966) denied retroactive effect to *Escobedo.* Thus, as discussed at length in *Commonwealth v. Snyder,* 427 Pa. 83, 233 A. 2d 530 (1967), petitioner could not in any event rely on a violation of *Escobedo,* but must demonstrate that his confessions were involuntarily made.

The petition, in its statement of questions involved, asserts that Harbold's trial counsel was ineffective. However, neither petioner's brief nor petition contain any factual support for this allegation. In the absence of some factual averment which, if proved, would support an inference of incompetence, a hearing is not required and the allegation is without merit. See - Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, 19 P.S. §1180-9 (Supp. 1966); *Commonwealth ex rel. Green v. Rundle,* 422 Pa. 236, 221 A. 2d 187 (1966). Though Harbold's petition was filed prior to the effective date of the act, §9 of the act in the instant case is merely a codification of our prior practice.

knowingly and intelligently, deliberately bypassed available state procedures by withdrawal of his post-trial motions and his failure to appeal.[2] The record, as extensively quoted in our prior opinion, see *Commonwealth ex rel. Harbold v. Myers,* supra at 362-64 nn.9-12, 207 A. 2d at 807-08 nn.9-12, shows beyond peradventure that petitioner, after extensive consultation with counsel and with full knowledge of the available alternatives,[3] decided not to file post-trial motions or to appeal. Given his deliberate bypass of available state procedures, Harbold cannot collaterally attack the validity of his confessions. We reiterate our conclusion in *Commonwealth ex rel. Harbold v. Myers,* supra at 364-65, 207 A. 2d at 808: "This is not a case where the defendant did not himself choose to forgo the normal post-trial procedures. Neither is this a case where failure to pursue the established procedure was due to mere neglect or inadvertence. Nor is it a case where the defendant can plausibly deny either that he understood the alternatives open to him or deny that he comprehended the consequences of his withdrawal [of post-trial motions]."

We also gave full recognition in our prior decision, as we did in *Commonwealth v. Snyder,* supra, to the possible impact of a *Fay v. Noia,* 372 U.S. 391, 83 S. Ct. 822 (1963), "grisly choice." Again, we quote from our earlier denial of Harbold's claims: "If, indeed, there are cases in which a deliberate bypassing may be found in spite of the fact that a death penalty is a risk incurred by taking an appeal or otherwise pursu-

---

[2] No allegation is present that petitioner's failure to appeal was the result of exceptional circumstances. See Post Conviction Hearing Act, supra at §4(b)(2).

[3] Petitioner now asserts that, though he had full knowledge of the *consequences* of his actions, no one explained the *benefits* of appeal. Such semantic quibbles are clearly insufficient to require a re-examination of our prior conclusions.

ing a procedural right, this is such a case." 417 Pa. at 365 n.13, 207 A. 2d at 809 n.13.

Petitioner further insists that, under the doctrine of *Douglas v. California,* 372 U.S. 353, 83 S. Ct. 814 (1963), he was deprived of assistance of counsel on appeal and that our decision in *Commonwealth ex rel. Fink v. Rundle,* 423 Pa. 133, 222 A. 2d 717 (1966) demonstrates that he did not waive his right to appeal. Remanding to the trial court for a hearing as to whether the petitioner had waived assistance of counsel on appeal, we held in *Fink* that the short colloquy between court and prisoner was insufficient to remove the possibility that the waiver was unintentional.[4] By contrast, the record in the instant case is replete with indicia clearly demonstrating petitioner's waiver-deliberate bypass of his right to appeal. See *Commonwealth ex rel. Harbold v. Myers,* supra at 362-64 nn.9-12, 207 A. 2d 807-08 nn.9-12; *Commonwealth v. Wallace,* 427 Pa. 110, 233 A. 2d 218 (1967). Since Harbold deliberately bypassed his right to appeal, *a fortiori* counsel need not have been appointed and the *Douglas* claim is without merit.

Order affirmed.

Mr. Justice COHEN took no part in the consideration or decision of this case.

---

[4] In *Fink* we carefully noted the manifest distinction between the colloquy in Harbold's trial and that between Fink and the trial court. See *Commonwealth ex rel. Fink v. Rundle,* supra at 136 n.4, 222 A. 2d at 718 n.4.