## Commonwealth *v.* Bolognese, Appellant.

Submitted January 2, 1968. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Ernest Bolognese,* appellant, in propria persona.

*Ralph J. Althouse,* Assistant District Attorney, and *W. Richard Eshelman,* District Attorney, for Commonwealth, appellee.

Opinion Per Curiam, March 15, 1968:

Ernest Bolognese on September 26, 1959 was found guilty by a jury of murder in the first degree with penalty fixed at life imprisonment. His court-appointed attorneys filed motions in arrest of judgment and for a new trial, but Bolognese and his counsel later appeared in open court and withdrew the motions. The sentence of life imprisonment was then imposed.

In 1967 Bolognese filed a petition under the Post Conviction Hearing Act claiming he had a right to file an application for a new trial and an absolute right to appeal to the appellate courts, if necessary. A rule issued on the petition and the Commonwealth filed an answer. Counsel was appointed for the petitioner. After a review of the record, the court below discharged the rule to show cause why a hearing should not be granted, stating in its opinion that the petitioner had effectively waived his right to a new trial and that justice did not require a new trial. The petitioner appealed.

A review of the record establishes with no difficulty whatsoever the correctness of the lower court's disposition of the petition. When Bolognese came before the trial court with his counsel to withdraw his motions in arrest of judgment and for a new trial, the following occurred: "I have been informed by your counsel that it is your wish and desire to withdraw the motion and have it dismissed. However, in view of the seriousness of the charge and the type of defense, the Court is of the opinion that we should explain it to you fully and have you understand that, if you desire, you have a right to have that motion for new trial processed fully and decided by the Court. On the other hand, if you are satisfied that there is no merit in it, you have a right to withdraw it. Do you understand that? The Defendant: I understand.

BY THE COURT (Judge HESS): Q. What is your wish in this matter? A. I want to drop the appeal for a new trial. Q. You understand your right to go ahead if you want to? A. I do understand my rights. Q. You have fully considered it and you want to drop it? A. Yes. THE COURT (Judge HESS): In accordance with the expressed desire of the defendant, Ernest J. Bolognese, in open court, after the matter was explained to him, the motion for new trial may be withdrawn. BY THE COURT (Judge HESS): Q. I understand you want to be sentenced at this time? A. That is right, Your Honor. . . . THE COURT (Judge HESS): Is there anything the defendant desires to say before sentence is pronounced? THE DEFENDANT: I am satisfied I had a fair trial, and I don't have no grudge against nobody for what happened, and I want to thank Mr. Brubaker for his fairness, and thank you for your fairness, and thank my lawyers for all they did for me, and I guess that is about all I have to say."

Thus, the petitioner was made well aware of the significance of his withdrawal of the motion for a new trial and it is clear that his withdrawal was intelligently made by him.

Judgment affirmed.