William V. Hall, Jr., Decatur, Ga., Robert R. Crittenden, Winter Haven, Fla., for defendant-appellant.

John W. Stokes, U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Paul SHELTON, Defendant-Appellant.**

No. 73–1776.

United States Court of Appeals, Fifth Circuit.

Feb. 24, 1975.

Rehearing and Rehearing En Banc Denied April 7, 1975.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

The petitioner John Paul Shelton moves to reinstate his appeal which was unconditionally dismissed November 12, 1973.

Shelton was convicted in the United States District Court for the Northern District of Georgia of interstate transportation and concealment of a stolen

motor vehicle and on February 2, 1973 was sentenced to two concurrent five-year terms. He filed notice of appeal to this court, and the District Court granted him release pending appeal under a $5,000 bond with surety.

June 1, 1973, Shelton escaped from custody of the State of Georgia while a state court jury was deliberating at his trial on charges of forgery. He was found guilty on the forgery charges, his state bond was forfeited and a bench warrant issued. The day of the escape his pro se brief in the appeal from the federal conviction was filed in this court.

June 18 the District Court held a hearing in response to a motion by the U. S. Attorney that Shelton show cause why his appeal bond should not be revoked or forfeited. He did not appear nor was he represented by counsel. The District Court determined that it lacked jurisdiction to order the forfeiture.

The United States then filed in this court a motion to revoke or forfeit Shelton's appeal bond and to dismiss the appeal on the basis that he had absconded and defied the authority of this court. An attorney, who did not represent Shelton in the trial of the federal charge or of the state charge, filed a response to the government's motions contending that Shelton had neither breached the condition of the federal bond nor evidenced any intent not to obey the judgment of this court.

Recognizing our power and authority to dismiss the appeal of an escapee, we held:

> In this instance the custody fled is that of another sovereign and upon a charge unrelated to that embraced in the federal appeal. We conclude, however, that the escape from state custody, the subsequent state conviction, the revocation of the state bond, the fact that Shelton remains at large despite the existence of the state bench warrant, and the fact that the response filed in this court contains no indication of his whereabouts nor any affirmative averments that he intends to submit himself to jurisdiction of

this court or of the State of Georgia, constitute sufficient probable cause for this court to conclude that appellant will not comply with orders of this court and will abide its decree only if favorable to him. We therefore conditionally revoke his appeal bond and conditionally dismiss his appeal.

United States v. Shelton, 482 F.2d 848, 849 (CA5), cert. denied, 414 U.S. 1075, 94 S.Ct. 591, 38 L.Ed.2d 482 (1973). To be certain that Shelton's rights were protected we made the dismissal conditional, as set out above, and we remanded the case to the District Court with directions that it issue an order directing Shelton to appear in person (and by counsel if he wished) to show cause why the conditional dismissal should not be made final. The District Court issued such an order and served it as directed by us. Shelton did not appear. The attorney who had filed the response did appear but gave no explanation for Shelton's failure to appear, stating that he had been in telephonic contact with Shelton but was not aware of his whereabouts. The District Judge found that sufficient cause had not been shown and concluded that there was no reason why the conditional revocation of the appeal should not be made final. A transcript of these proceedings was certified to us, and on November 12, 1973, we ordered our previous conditional order made final and unconditional and the appeal bond revoked and the appeal dismissed.

December 25, 1974 Shelton was arrested in Orlando, Florida. He then filed through still another attorney, of Orlando, the motion to reinstate that is now before us.

In Molinaro v. New Jersey, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), the Supreme Court shifted its own practice and unconditionally dismissed the appeal of a fugitive without waiting to see if he might return or be captured. Cf., Eisler v. United States, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897 (1949); Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876); Bohanan v. Nebraska, 125 U.S. 692, 8 S.Ct. 1390, 31 L.Ed. 854

(1887). *Eisler* and some other earlier cases had left the suspicion that the Court might find an absolute right to appeal following return from fugitive status. See McKinney v. United States, 403 F.2d 57 (CA5, 1968); for other pre-*Molinaro* cases see United States v. Dawson, 350 F.2d 396 (CA6, 1965) and Stern v. United States, 249 F.2d 720 (CA2, 1957). Since then, however, every circuit that has heard appeals from fugitives has dismissed unconditionally, either waiting a reasonable time for the fugitive to surrender himself, United States v. Tremont, 438 F.2d 1202 (CA1, 1971), or prospectively dismissing unless defendant-appellant should surrender within a reasonable time, usually 30 days, United States v. Eberhardt, 467 F.2d 578 (CA5, 1972); United States v. Swigart, 490 F.2d 914 (CA10, 1973) ("final dismissal" after 30 days); Brinlee v. United States, 483 F.2d 925 (CA8, 1973); United States v. O'Neal, 453 F.2d 344 (CA10, 1972). Cf., Fratus v. United States, 496 F.2d 1190 (CA5, 1974), in which this court dismissed without prejudice if appellant showed he was not actually a fugitive. In Van Blaricom v. Forscht, 490 F.2d 461, at 462 (CA5, 1974), we referred to

> the discretion of this Court not to reach the merits of an appeal where the petitioner is not available and subject to any judgment which might be entered in the case.

If a court retains any discretion after *Molinaro*, the facts and circumstances which we have set out make clear that such discretion should not be exercised here. Shelton has flagrantly abused the processes of this court and of the District Court. When we first received Shelton's appeal, we remanded to give him an opportunity to surrender, which he did not do. The situation is similar to that in which a petitioner's appeal is conditionally dismissed, subject to reinstatement if within a reasonable time he makes it known to the court that he is available and subject to any judgment which might be entered, and petitioner fails to do so, suffers a dismissal, and then later seeks reinstatement with no explanation for his conduct.

The motion to reinstate is denied.