**UNITED STATES of America, Plaintiff-Appellee,**

v.

**William C. SMITH, Defendant-Appellant.**

**No. 74–1433.**

United States Court of Appeals, Fifth Circuit.

Jan. 3, 1977.

833

Denis Dean, Miami, Fla. (Court-appointed), for Moore.

William Charles Smith, pro se.

Robert W. Rust, U.S. Atty., J. Daniel Ennis, Asst. U.S. Atty., Miami, Fla., William McD. Miller, Washington, D.C., for plaintiff-appellee.

Before GODBOLD, DYER and HILL, Circuit Judges.

PER CURIAM:

On December 10, 1973, a jury convicted Smith on five counts of fraud by mail (18 U.S.C.A. § 1341), two counts of fraud by wire (18 U.S.C.A. § 1343), and conspiracy to commit such offenses (18 U.S.C.A. § 371). He was sentenced to 10 years imprisonment but was released on bail pending appeal. His case on another indictment charging him with fraud by mail (18 U.S.C.A. § 1341) and conspiracy (18 U.S.C.A. § 371) was set for trial on May 14, 1974. He failed to appear, his bond was estreated, and he was declared a fugitive from justice.

On stipulation of counsel that Smith was a fugitive, an order was entered by this Court on May 30, 1974, dismissing Smith's appeal without prejudice.

In August, 1975, pursuant to 18 U.S.C.A., § 3150, Smith was indicted for knowingly and willfully failing to appear for trial. He was apprehended on January 20, 1976, in Laredo, Texas. On April 1, 1976, he was tried and convicted of bond jumping and sentenced to four years imprisonment to run consecutively to the 10 year sentence for mail fraud.

On July 16, 1976, Smith moved this Court to reinstate his appeal from the mail fraud conviction of December 10, 1973. The motion was denied by a single judge on July 30, 1976. He then filed a suggestion for rehearing en banc in which he admits having been a fugitive but alleges that his fugitive status was involuntary because he lacked the necessary specific intent.

A captured fugitive is not entitled to a rehearing en banc of the denial of his motion to reinstate his dismissed appeal. A panel of the Court may review the action of a single judge denying reinstatement of an appeal.

Under the circumstances we decline to reinstate Smith's appeal. In *Estelle v. Dorrough,* 1973, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377, the Supreme Court made it plain that a fugitive has no constitutional right to a reinstatement of an appeal upon his recapture. It is noted that:

This Court itself has long followed the practice of declining to review the convictions of escaped criminal defendants. *Smith v. United States,* 94 U.S. 97, [24 L.Ed. 32] (1876); *Bonahan v. Nebraska,* 125 U.S. 692, [8 S.Ct. 1390, 31 L.Ed. 854] (1887); *Eisler v. United States,* 338 U.S. 189, 193, [69 S.Ct. 1453, 1455, 93 L.Ed. 1897] (1949); cf. *Allen v. Rose,* 449 U.S. 1080, [95 S.Ct. 669, 42 L.Ed.2d 675] (1974). Thus in *Molinaro v. New Jersey,* 396 U.S. 365, [90 S.Ct. 498, 24 L.Ed.2d 586] (1970), we dismissed the appeal of an escaped criminal defendant, stating that no persuasive reason exists to adjudicate the merits of such a case and that an escape "disentitles the defendant to call upon the resources of the Court for determination of his claims." *Id.* at 366, 90 S.Ct. 498.

This petitioner, as well as others who are similarly situated, ought to have been given the right to appeal his conviction. He was, in fact, given an opportunity to pursue his appeal as fully as the procedures of this Court allow. Having been given that right, the petitioner also has the right to abandon his appeal, which he did by his own action. *Allen v. Georgia,* 166 U.S. 138, 141, 17 S.Ct. 525, 41 L.Ed. 949 (1897). Since the reinstatement of an abandoned appeal is an extraordinary request, it is no penal act when we decline to grant this petitioner a privilege not available to other litigants.

The motion of Smith to reinstate the appeal is

DENIED.