Jose ESTRADA, Defendant-Appellant,

v.

UNITED STATES of America,
Plaintiff-Appellee.

No. 75–8095.

United States Court of Appeals,
Fifth Circuit.

Dec. 4, 1978.

Jack R. Nageley, Miami Beach, Fla., Peter F. K. Baraban, Miami, Fla., for defendant-appellant.

Ralph N. Person, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before THORNBERRY, GODBOLD and RUBIN, Circuit Judges.

PER CURIAM:

Appellant seeks reinstatement of an appeal that was dismissed without prejudice three and one-half years ago when he removed himself from the jurisdiction of this court by becoming a fugitive.[1] The only reason his motion for reinstatement is before us now is because he was recently recaptured and forcibly returned to the jurisdiction of this court.

A motion to reinstate an abandoned appeal is an extraordinary request. *United States v. Smith*, 5 Cir. 1977, 544 F.2d 832. There is no constitutional right to reinstatement of an appeal abandoned by escape. *Estelle v. Dorrough*, 1975, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377. Nor is there a right to automatic reinstatement of an appeal dismissed without prejudice because of the appellant's escape. *See United States v. Smith, supra.* Because of the period of time that has elapsed since appellant was tried, there would be substantial danger of prejudice to the government if appeal were allowed at this time and were successful; therefore we would not allow reinstatement without at least a showing of good cause. In the absence of any evidence that appellant was not actually a fugitive or of any explanation for his conduct, he has failed to meet the threshold requirement that would justify reinstatement of a

1. It is appropriate to dispose of this case summarily. See *Groendyke Transportation, Inc. v. Davis*, 5 Cir. 1969, 406 F.2d 1158.

right that he has relinquished. *See United States v. Shelton*, 5 Cir. 1975, 508 F.2d 797, *cert. denied*, 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 44; *Fratus v. United States*, 5 Cir. 1974, 496 F.2d 1190.

For the foregoing reasons, the motion to reinstate appeal is DENIED.