The STATE of Utah, Plaintiff and Respondent,

v.

Darrel Eugene BRADY, Defendant and Appellant.

No. 17679.

Supreme Court of Utah.

Sept. 20, 1982.

Milton T. Harmon, Nephi, Ronald J. Yengich, Salt Lake City, for defendant and appellant.

David L. Wilkinson, Atty. Gen., Salt Lake City, for plaintiff and respondent.

PER CURIAM:

In *Hardy v. Morris,* Utah, 636 P.2d 473 (1981), we dismissed the appeal of a defendant who had escaped from custody, reasoning that a ruling adverse to the appellant could not be enforced because he had placed himself outside the control of the judicial system. That holding does not define whether or when such an appeal can be reinstated.

In this case, appellant filed a timely notice of appeal after conviction and sentence for aggravated kidnapping, aggravated robbery, and unlawful taking of a motor vehicle. Five months after he commenced serving his sentence in the Utah State Penitentiary, on August 7, 1981, appellant escaped. On motion of the State, on September 21, 1981, this Court dismissed appellant's appeal on the authority of *Hardy v. Morris, supra.* Thereafter, appellant was recaptured in Idaho and reincarcerated in the Penitentiary on March 23, 1982. Appellant now moves to reinstate his appeal.

By escaping and remaining at large until he was involuntarily returned to custody, appellant abandoned his appeal and now stands in the same position as if no appeal had been taken. *Mitchell v. State,* Fla.App., 294 So.2d 395 (1974); *Weser v. State,* 224 Kan. 272, 579 P.2d 1214 (1978); *United States v. Smith,* 544 F.2d 832 (5th Cir.1977). In this circumstance, an appeal dismissed prior to his return to custody will not be reinstated.

This action violates no right under the Utah Constitution, Art. I, § 12, since appellant had his "right to appeal" and abandoned it. It likewise violates no federal constitutional right. *Estelle v. Dorrough,* 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Allen v. Georgia,* 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897).

Motion denied.