476 A.2d 346

**COMMONWEALTH of Pennsylvania, Respondent,**

v.

**Mario Alan PASSARO, Petitioner.**

Supreme Court of Pennsylvania.

Argued March 9, 1984.

Decided May 25, 1984.

Stanley J. Wolowski, Greenville, for petitioner.

Samuel J. Orr, IV, Dist. Atty., Mercer County, James P. Epstein, First Asst. Dist. Atty., Mercer, for respondent.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER-MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## OPINION OF THE COURT

NIX, Chief Justice.

The issue before the Court is the entitlement of a convicted defendant whose direct appeal has been quashed in consequence of his escape from custody during the pendency of that appeal to reinstatement of his appeal following his recapture.

The pertinent facts in this matter are not in dispute. Following a successful post-conviction challenge to his guilty plea in connection with a 1974 burglary, petitioner was retried and convicted by a jury of burglary and criminal conspiracy on July 16, 1981. Petitioner's post-verdict motions were denied, and he was sentenced to a term of five to ten years' imprisonment on January 28, 1982. A timely notice of appeal was filed in the Superior Court. After a brief had been filed on his behalf in that court, but prior to the scheduling of oral argument, petitioner escaped from the State Correctional Institution at Rockview on October 18, 1982. On April 15, 1983, at which time petitioner had remained at large for approximately six months, the Commonwealth filed a motion to quash petitioner's appeal. That motion was granted on April 29, 1983. Petitioner was subsequently located and arrested by Brookfield, Ohio authorities on August 24, 1983. After his apprehension he

waived extradition and was returned to Pennsylvania. On September 16, 1983 petitioner filed a petition for reinstatement of his appeal in the Superior Court. Following the denial of that petition, petitioner filed a similarly titled petition in this Court. We treated the request as being a petition for allowance of appeal pursuant to 42 Pa.C.S. § 724(b), and elected to hear the matter.

▮▮▮ We begin our inquiry by acknowledging that the right of appeal is guaranteed by Article 5, section 9 of the Pennsylvania Constitution.[1] Our past decisions have emphasized that this constitutional right to appellate review is a personal right which may be relinquished only through a knowing, voluntary and intelligent waiver. *See, e.g., Commonwealth v. Cathey*, 477 Pa. 446, 384 A.2d 589 (1978); *Commonwealth v. Jones*, 447 Pa. 228, 286 A.2d 892 (1971); *Commonwealth v. Maloy*, 438 Pa. 261, 264 A.2d 697 (1970); *Commonwealth ex rel. Robinson v. Myers*, 427 Pa. 104, 233 A.2d 220 (1967); *Commonwealth ex rel. Edowski v. Maroney*, 423 Pa. 229, 223 A.2d 749 (1966). Nevertheless, the right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision. *Commonwealth v. Coleman*, 458 Pa. 324, 327 A.2d 77 (1974); *Commonwealth v. Bolognese*, 428 Pa. 405, 239 A.2d 307 (1968); *Commonwealth ex rel. Harbold v. Rundle*, 427 Pa. 117, 233 A.2d 261 (1967); *Commonwealth v. Wallace*, 427 Pa. 110, 233 A.2d 218 (1967).

▮▮▮ "Disposition by dismissal of pending appeals of escaped prisoners is a longstanding and established principle of American law." *Estelle v. Dorrough*, 420 U.S. 534, 537,

---

1.   There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.
Pa. Const. Art. 5, § 9.

95 S.Ct. 1173, 1175, 43 L.Ed.2d 377 (1975). In Pennsylvania this practice has been frequently followed, *see, e.g., Commonwealth v. Tomlinson*, 467 Pa. 22, 354 A.2d 254 (1976); *Commonwealth v. Lewis*, 300 Pa.Super. 191, 446 A.2d 295 (1982); *In Interest of Dixon*, 282 Pa.Super. 189, 422 A.2d 892 (1980); *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978); *Commonwealth v. Barron*, 237 Pa.Super. 369, 352 A.2d 84 (1975); and is expressly provided for in our Rules of Appellate Procedure. Pa.R.A.P. 1972(6).[2] It is within the discretion of the reviewing court to take such an action *sua sponte, Commonwealth v. Tomlinson, supra,* or on motion of the Commonwealth, Pa.R.A.P. 1972(6).

The procedure of dismissing the appeal of a criminal appellant who becomes a fugitive is unquestionably appropriate. As we explained in *Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975):

> The rationale behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court, and hence, might not be responsive to the judgment of the court. See *Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876); *Ruetz v. Lash*, 500 F.2d 1225 (7th Cir.1974); *United States v. Swigart*, 490 F.2d 914 (10th Cir.1973); *Johnson v. Laird*, 432 F.2d 77 (9th Cir.1970).

*Id.,* 460 Pa. at 311–312, 333 A.2d at 743.

■ More fundamentally, however, a defendant's resort to escape constitutes a flagrant and deliberate bypass of the entire judicial process. The escape of a convicted defendant from confinement may properly be considered a rejection of the legitimate means afforded the defendant for challenging his conviction and imprisonment. Thus, by choosing to flee and live as a fugitive, a defendant forfeits the right to

**2.** Rule 1972. Dispositions on Motion
Subject to Rule 123 (applications for relief), any party may move:
\* \* \* \* \* \*
(6) To continue generally or to quash because the appellant is a fugitive.

616

have his claims considered. As the United States Supreme Court, in dismissing an appeal upon learning of the appellant's fugitive status, forcefully stated:

No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims. *Molinaro v. New Jersey*, 396 U.S. 365, 366, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

In the instant matter, petitioner does not question the propriety of the dismissal of his appeal on the ground of his fugitive status. He argues, however, that since he has been apprehended and returned to the jurisdiction of the court his appeal should now be reinstated. Petitioner maintains that if the unresponsiveness of a fugitive to the court's judgment is the main reason why his appeal is quashed, it is illogical to refuse to reinstate the appeal once the defendant is back within the control and jurisdiction of the court, and that the only basis for such a refusal is to punish the escapee.

■ We find this argument unpersuasive. The fact that a defendant is subsequently recaptured provides no basis for disturbing an order dismissing his appeal. As we indicated above, a defendant who elects to escape from custody forfeits his right to appellate review. It would be unseemly to permit a defendant who has rejected the appellate process in favor of escape to resume his appeal merely because his escape proved unsuccessful.

■ Close examination of appellant's argument demonstrates that his position is flawed. His constitutional right of appeal was exercised when his matter was presented to the Superior Court for its review. That review was aborted by his criminal behavior. He does not challenge the fact

that his escape justified the initial quashing of the appeal. Thus the question is not whether he should be stripped of his right of appeal because of his escape, but rather whether his apprehension, which he in no way intentionally assisted, should entitle him to rights already forfeited. We can ascertain no reason in logic or any policy which would support such a conclusion. *Hall v. State of Alabama,* 700 F.2d 1333 (11th Cir.), *cert. denied,* —— U.S. ——, 104 S.Ct. 183, 78 L.Ed.2d 183 (1983); *Joensen v. Wainwright,* 615 F.2d 1077 (5th Cir.1980); *Estrada v. United States,* 585 F.2d 742 (5th Cir.1978); *United States v. Smith,* 544 F.2d 832 (5th Cir.1977); *United States v. Shelton,* 508 F.2d 797 (5th Cir.), *cert. denied,* 423 U.S. 828, 96 S.Ct. 45, 46 L.Ed.2d 44 (1975); *State v. Brady,* 655 P.2d 1132 (Utah 1982).

The petition for reinstatement of appeal is denied.

ZAPPALA, J., files a concurring opinion.

ZAPPALA, Justice, concurring.

I write separately to express my strong disagreement with the majority's characterization of a defendant who has become a fugitive as having forfeited his constitutional right to have his claim considered. The mere fact of escape should in no way act to divest a person of *any* of his constitutional rights, and I do not read *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970), as holding otherwise.

While I would certainly agree that it is proper upon a motion by the Commonwealth to quash the appeal of a fugitive pursuant to Pa.R.A.P. 1972(6), I would hold that such an appeal may be reinstated in the court's discretion if the fugitive-appellant, on petition to reinstate the appeal, can show a compelling reason for having his claim heard.

The Appellant having asserted no compelling reason for reinstating his appeal, I concur only in the result reached by the majority today.