**Darrell Eugene BRADY, Plaintiff and Appellant,**

v.

**Ken SHULSEN, Warden, Defendant and Respondent.**

**No. 19557.**

Supreme Court of Utah.

Sept. 25, 1984.

Ronald J. Yengich, Salt Lake City, for plaintiff and appellant.

David L. Wilkinson, Atty. Gen., John Stephen Mikita, Asst. Atty. Gen., Salt Lake City, for defendant and respondent.

PER CURIAM:

This appeal is from the dismissal of a petition for habeas corpus. The three points on appeal concern the admission of evidence, a matter determinable within the sound discretion of the trial court. The appellant claims he was denied his constitutional rights, but alleges no violation of any specific provision. Lack of due process is the only ground that might be implied or suggested.

Following a jury trial, appellant was convicted of two felonies and one misdemeanor. Pending appeal, appellant escaped to Idaho and, upon motion of the state, his appeal was dismissed. The authority cited for such dismissal is *Hardy v. Morris,* Utah, 636 P.2d 473 (1981), which adopted the following language of *Molinaro v. New Jersey,* 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970):

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims.

After his capture and return from Idaho, appellant petitioned this Court for reinstatement of his appeal. We denied the petition by minute entry, supplemented by our per curiam opinion of *State v. Brady*, Utah, 655 P.2d 1132 (1982). In *Brady*, we held that an escape was an abandonment of the appeal.[1]

We have also held that the writ of habeas corpus can be used to attack a judgment of conviction in the event of an obvious injustice or a substantial and prejudicial denial of a constitutional right in the trial of the matter. However, the writ is not intended as a substitute for an appeal. *Chess v. Smith*, Utah, 617 P.2d 341 (1980), and cases cited.

The appellant has attempted in two ancillary proceedings (petition for reinstatement and writ of habeas corpus) to circumvent the rules as to appellate review. None of the numerous points asserted rise to the stature of prejudiciality. The only claim to prejudiciality asserted by appellant is that no one notified him at the time he was committed as to the implication of an escape. This is not compelling as an argument to effect the release from custody of one convicted of several crimes after a jury trial.

The judgment and verdicts are affirmed.

ZIMMERMAN, J., does not participate herein.

---

**1.** *See Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975); *Allen v. Georgia*, 166 U.S. 138, 17 S.Ct. 525, 41 L.Ed. 949 (1897).