483 A.2d 852

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Anthony Dominick CIOTTI, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 10, 1984.

Decided Nov. 14, 1984.

Michael J. Veshecco, Dist. Atty., Shad Connelly, Asst. Dist. Atty., Erie, for appellant.

William F. Cercone, Jr., Pittsburgh, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDER- MOTT, HUTCHINSON, ZAPPALA and PAPADAKOS, JJ.

## ORDER

PER CURIAM.

Order of Superior Court, 318 Pa.Super. 549, 465 A.2d 690, vacated and appeal quashed. *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

ZAPPALA, J., files a concurring opinion.

ZAPPALA, Justice, concurring.

I concur in the Court's decision to vacate the Order of the Superior Court. It was clearly an abuse of discretion for that court to hold without decision for three and one half months the Commonwealth's promptly filed Petition for Leave to Petition to Revoke Bond and Dismiss Appeal. Furthermore, the Commonwealth had alleged and the Appellant's counsel had not specifically denied that the Appellant had become a fugitive after his appeal had been argued but before it had been decided. The Superior Court has previously stated the rule it will follow in such situations:

> If a defendant becomes a fugitive after appellate jurisdiction has already attached, we may decide the merits of his appeal if he returns prior to the time of this Court's disposition ... *but if the appellant remains a fugitive at the time of our decision, then we must quash his appeal.* (Emphasis added) (Citations omitted)

*Commonwealth v. Albert*, 260 Pa.Super. 20, 22, 393 A.2d 991, 992–93 (1978). *See also Commonwealth v. Barron*, 237 Pa.Super. 369, 352 A.2d 84 (1975). It was an abuse of discretion for the court not to follow this settled rule without explanation. For these reasons I agree that the court below erred and that the appeal should have been

12

quashed. I am compelled, however, to reiterate my position that the "appeal may be reinstated in the court's discretion if the fugitive-appellant, on petition to reinstate the appeal, can show a compelling reason for having his claim heard". *Commonwealth v. Passaro,* 504 Pa. 611, 617, 476 A.2d 346, 350 (1984) (Zappala, J., concurring). *See Commonwealth v. Borden,* 256 Pa.Super. 125, 389 A.2d 633 (1978).