## Commonwealth v. Northime

*Mark D. Waitlevertch, assistant district attorney,* for the Commonwealth.

*David P. Truax,* for defendant.

VARDARO, *J.,* June 16, 1992—

### FACTS

A criminal complaint was filed against the defendant alleging that he violated section 2522(b)(2) of the Game and Wildlife Code entitled "Shooting at or Causing Injury to Human Beings." 34 Pa.C.S. §2522(b)(2). Conviction under this section is a misdemeanor of the third degree.

Defendant was convicted and filed a timely appeal.

The Commonwealth filed a motion to quash the defendant's appeal alleging that neither Title 34 nor Title 42 provides for a de novo trial in the matter.

### DISCUSSION

The Commonwealth argues that because no specific section of Title 34 or Title 42 entitles the defendant to a de novo review, the proper challenge to a conviction

should be a habeas corpus petition to address any error made by the district justice.

The Commonwealth cites *Commonwealth v. Padelsky,* 6 D.&C.4th 642 (1990), for the proposition that any allegation of error with respect to a conviction by a district justice for a Game and Wildlife Code violation may be raised only by a writ of habeas corpus.

In *Padelsky,* the action was brought and accepted by the court on the basis of a petition for writ of habeas corpus without explanation.

We cannot treat this lower court case as persuasive authority for the proposition that all defendants convicted of misdemeanors of the third degree under the Game and Wildlife Code are legitimately denied a right to a de novo appeal to the Court of Common Pleas.

Pursuant to the Pennsylvania Constitution, Article 5, section 9, it has been held that every person convicted of a crime has a right to have his conviction and sentence reviewed through appeal. *Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984); *Commonwealth v. Henderson,* 231 Pa. Super. 190, 331 A.2d 824 (1974).

Article 5 has been implemented by 42 Pa.C.S. §932 entitled "Appeals from Minor Judiciary" which states:

"Except as otherwise prescribed by any general rule adopted pursuant to section 503 (relating to reassignment of matters), each Court of Common Pleas shall have exclusive jurisdiction of appeals from final orders of the minor judiciary established within the judicial district."

Such appeals pursuant to section 932 have been held to require a trial de novo. *Buckus v. Roth,* 106 Pitts.

Leg. J. 179 (1957); *Bauman v. Bittner,* 152 Pa. Super. 628, 33 A.2d 273 (1943).

The peculiar procedural stance of this case relates to the types of convictions which have historically been placed under the jurisdiction of the district justices. Historically, district justices were generally only granted jurisdiction to hear misdemeanors of the third degree if (a) the misdemeanor is not the result of a reduced charge; (b) any personal injury or property damage is less than $500; (c) the defendant pleads guilty; (d) the defendant is not subject to the provisions of Chapter 63 (relating to juvenile matters).

In 1986, 42 Pa.C.S. §1515 was amended by the addition of paragraph (a)(6.1) granting district justices jurisdiction over all offenses under Title 34 of the Game and Wildlife Code (regardless of whether they were classified as summary offenses or misdemeanors).

Because traditionally district justices only had the jurisdiction to hear misdemeanor offenses in the aforesaid limited and non-adversarial situations, case law relating to appellate procedure with respect to convictions of contested misdemeanors of the third degree is not available. However, we believe the statutory and supporting case law which relates to summary convictions should apply to the convictions of misdemeanors of the third degree as well. There is no language within 42 Pa.C.S. §932 which limits its application to summary convictions or excludes its application to misdemeanors of the third degree.

Perhaps more importantly and contrary to the Commonwealth's contention that Title 42 does not require

a de novo appeal, 42 Pa.C.S. §5101 entitled "Right to Appellate Review" states:

"(a) *General Rule*—There is a right of appeal under this subsection from the final order (including an order defined as a final order by general rule) of every:

"(1) Court or district justice of this Commonwealth to the court having jurisdiction of such appeals....

"(d) *Scope of Appeal*—...

"(4) Except as otherwise prescribed by general rule and section 1123(a.1)(relating to jurisdiction and venue), an appeal from a final order of the minor judiciary shall be *de novo* under procedures established by general rule...." 42 Pa.C.S. §5105. (emphasis added)

Pursuant to the Pennsylvania Constitution, Article 5, section 9, as implemented by 42 Pa.C.S. §932, and 42 Pa.C.S. §5105 we hold that every defendant has a right to and this court has jurisdiction over a de novo appeal to a misdemeanor conviction under Title 34 of the Game Code.