J-A02011-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANK ADAMS | |
| Appellant | No. 657 EDA 2015 |

Appeal from the Judgment of Sentence January 30, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0006821-2012

BEFORE: OTT, J., RANSOM, J., and FITZGERALD, J.[*]

MEMORANDUM BY OTT, J.:             **FILED APRIL 27, 2017**

Frank Adams appeals from the judgment of sentence entered January 30, 2015, in the Philadelphia County Court of Common Pleas. The court sentenced Adams *in absentia* to an aggregate term of 10 to 20 years' imprisonment following a four-day jury trial, also *in absentia*, in which Adams was convicted of aggravated assault, simple assault, recklessly endangering another person (REAP), and two counts of conspiracy (aggravated assault and simple assault).[1] For the reasons set forth below, we affirm the judgment of sentence.

The trial court concisely set forth the facts as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 2702(a), 2701(a), 2705, and 903(c), respectively.

On May 20, 2012, [Adams], along with his co-defendant [and brother,] Nicky Adams, engaged in a hand-to-hand fight with the victim outside of a church, which was eventually broken up by members of the church. The victim went to his car, and was about to head home when [Adams] went to his own vehicle, obtained a tire iron and handed it to co-defendant Nicky Adams. The co-defendant proceeded to the victim's car, and as the victim leaned out the window, the co-defendant swung the tire iron against the victim's head, causing a head laceration that required seven staples.

Trial Court Opinion, 12/2/2015, at 2-3.

On June 13, 2014, at the conclusion of a four-day trial *in absentia*, the jury convicted Adams of the above-mentioned crimes.[2] On January 30, 2015, the trial court held a sentencing proceeding, and sentenced Adams *in absentia* to a term of five and one-half to 11 years' incarceration for aggravated assault and a consecutive term of four and one-half to nine years' imprisonment for conspiracy (aggravated assault). The court imposed no further penalty with respect to the remaining charges. On March 2, 2015, counsel for Adams filed a notice of appeal.[3, 4]

_____

[2] The jury acquitted him of an additional count of aggravated assault (causing bodily injury with a deadly weapon), simple assault (fight or scuffle entered into by mutual consent), and conspiracy to commit those forms of assault.

[3] Because the 30th day, March 1, 2015, fell on a Sunday, Adams had until Monday, March 2, 2015, to file a timely notice of appeal. **See** 1 Pa.C.S. § 1908.

[4] On April 13, 2015, the trial court ordered Adams to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Adams filed a concise statement on May 4, 2015, and a supplemental
*(Footnote Continued Next Page)*

- 2 -

Adams raises the following issues on appeal:

1. Did not the trial court impose an illegal sentence under [18] Pa.C.S. § 906 where [Adams] was sentenced to consecutive terms for two inchoate offenses, aggravated assault by attempting to cause serious bodily injury and conspiracy to commit the same?

2. Did not the trial court err and abuse its discretion by permitting the Commonwealth's attorney to argue evidence not of record during his closing argument, in particular that when staples instead of stitches are used that implies a serious injury, without any curative instruction to the jury, permitting the jury to rely upon the prosecutor's allegation of a serious injury instead of the medical evidence in the record?

3. Although a fugitive at trial, are not [Adams]'s claims justiciable as he is presently within the jurisdiction of the Court, his flight did not interfere with the appellate process, the trial court sanctioned him for his fugitive status by sentencing him to 10 – 20 years['] incarceration when he had no prior record, there was no indication that trial court denied his post-sentence motion on any other ground than the merits and where his lack of education coupled with the fact that he had no prior contact with the system would make a forfeiture an abuse of discretion?

Adams's Brief at 4-5.

Based on the nature of Adams's claims and the trial court's disposition, we will address his third issue first. In his final argument, Adams complains the trial court erred by finding that because he was tried and sentenced *in absentia*, he forfeited all claims on appeal. Adams's Brief at 22. Adams states:

(Footnote Continued) ——————————

statement on September 16, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 2, 2015.

This is not the state of the law of this Commonwealth. In fact, notwithstanding the somewhat convoluted history of our Supreme Court's decisions in this area, the thread that runs through all the cases over the last several decades, save one that has since been repudiated, is that appellate courts retain discretion to decide claims before them and, in circumstances such as those presented here, it would be an abuse of discretion to find forfeiture.

*Id.* at 22. In support of his argument, Adams largely relies on *Commonwealth v. Galloway*, 333 A.2d 741 (Pa. 1975), *Commonwealth v. Passaro*, 476 A.2d 346 (Pa. 1984), *Commonwealth v. Luckenbaugh*, 550 A.2d 1317 (Pa. 1988), *Commonwealth v. Jones*, 610 A.2d 439 (Pa. 1992), *Commonwealth v. Chopak*, 615 A.2d 696 (Pa. 1992), and *Commonwealth v. Deemer*, 705 A.2d 827 (Pa. 1997). Adams's Brief at 23-31.

Contrary to Adams's argument, there is more recent case law which controls this matter. In *Commonwealth v. Doty*, 997 A.2d 1184 (Pa. Super. 2010), which is substantially similar to the present matter, a panel of this Court set forth the following:

Guaranteed by article 5, section 9 of the Pennsylvania Constitution,[5] the constitutional right to appeal is a personal

_____

[5] Article 5, section 9 of the Pennsylvania Constitution states:

There shall be a right of appeal in all cases to a court of record from a court not of record; and there shall also be a right of appeal from a court of record or from an administrative agency to a court of record or to an appellate court, the selection of such court to be as provided by law; and there shall be such other rights of appeal as may be provided by law.

*(Footnote Continued Next Page)*

- 4 -

right which may be relinquished only through a knowing, voluntary and intelligent waiver. ***Commonwealth v. Passaro***, 504 Pa. 611, 476 A.2d 346, 347 ([(Pa.)] 1984). However . . . a defendant who is a fugitive from justice during the appellate process may forfeit the right to appellate review.

Our Supreme Court has recognized that "the right to appeal is conditioned upon compliance with the procedures established by [the Pennsylvania Supreme Court], and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." ***Passaro***, 476 A.2d at 347. In ***Passaro***, the defendant escaped from custody after filing his appellate brief, but before the disposition of his appeal. ***Id.*** at 347-48. On the basis of his fugitive status, a panel of this Court quashed the defendant's appeal. ***Id.*** at 348. After his capture, the defendant petitioned for reinstatement of his direct appeal rights. ***Id.*** When this Court denied the defendant's petition, he presented his petition for reinstatement to the Pennsylvania Supreme Court. ***Id.***

Notwithstanding the defendant's return to the jurisdiction of the courts, the Supreme Court held that "a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." ***Id.*** Thus, "a defendant who elects to escape from custody forfeits his right to appellate review. It would be unseemly to permit a defendant who has rejected the appellate process in favor of escape to resume his appeal merely because his escape proved unsuccessful." ***Id.*** at 349. On this basis, the Supreme Court denied the defendant's [p]etition to reinstate his direct appeal. ***Id.***

…

Judicial interpretations of ***Passaro*** and its effect upon a fugitive's appeal rights led the Supreme Court to modify its holding. In ***Commonwealth v. Deemer***, 550 Pa. 290, 705 A.2d 827, 829 ([(Pa.)] 1997), the Supreme Court set forth the

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

Pa. Const. art. 5, § 9.

following analysis to be employed by Pennsylvania courts in determining a fugitive's appeal rights:

> If [the defendant] became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the time for filing an appeal has elapsed, his request to file an appeal should be denied. If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately. In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

> *Id.* at 829.

> …

> **On direct appeal, therefore, a defendant's status during the 30-day appeal period controls whether an appellate court will hear his appeal.**

*Doty*, 997 A.2d at 1186-1188 (some quotation marks, citations and footnotes omitted; emphasis added).

In **Doty**, the defendant's trial counsel filed a notice of appeal even though the defendant remained a fugitive during the 30-day appeal period.[6] On appeal, the panel held: "The fact that [the defendant]'s counsel filed a Notice of appeal during the appeal period is of no moment. [The defendant] could not resurrect his appellate rights because he failed to return to the court's jurisdiction prior to the expiration of the appeal period." **Id.** at 1189 (citations omitted).

---

[6] **See** Pa.R.A.P. 903(a)

Turning to the case *sub judice*, the trial court found the following:

[Adams] failed to appear for the entirety of his trial, his sentencing hearing and was a fugitive during his 30-day appeal period. At sentencing, the Commonwealth explained the numerous efforts made to track down [Adams]. As noted above, [**Adams**] **is still a fugitive as of the date of this opinion**. The fact that [Adams]'s counsel filed a Notice of Appeal during the appeal period is of no matter, as [Adams]'s fugitive status is unchanged. *See Doty*, 997 A.2d at 1189. As [Adams] failed to appear for his sentencing and is still a fugitive, [Adams] has forfeited all possible issues and his appeal should be quashed. *See id.*

Trial Court Opinion, 6/30/2015, at 3-4 (emphasis added).

We agree with the trial court's well-reasoned decision. Because Adams was a fugitive during his trial and sentencing, and remained a fugitive during the 30-day period in which a direct appeal could have been filed, he has forfeited his right to appellate review of all claims raised in the present appeal pursuant to *Doty*, *supra*. Accordingly, we need not address the remaining claims.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/2017