IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Torre-Gonzalez,               :
              Petitioner       :
                              :  No.  862 C.D. 2021
             v.               :
                              :  Submitted:  April 14, 2022
Pennsylvania Parole Board,    :
              Respondent   :

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE STACY WALLACE, Judge

OPINION
BY JUDGE McCULLOUGH                      FILED: April 6, 2023

Jose Torre-Gonzalez (Torre-Gonzalez) petitions for review from the July 13, 2021 decision of the Pennsylvania Parole Board (Board) denying his numerous requests for recalculation of his maximum parole date established by the Board's recommitment decisions of March 10, 2020, and April 16, 2021.  Upon review, we vacate and remand to the Board.

## I.    FACTS AND PROCEDURAL HISTORY

In 2007, Torre-Gonzalez was sentenced to a 42-month to 12-year term of incarceration for conspiracy to commit robbery, theft of movable property, receiving stolen property, and escape from detention.  (Certified Record (C.R.) at 1-3, 110-13.)  On January 23, 2014, Torre-Gonzalez was paroled.  (C.R. at 17-21.)  When he was paroled, his maximum parole date was November 18, 2018.  *Id.*

By a decision mailed April 27, 2018, the Board recommitted Torre-Gonzalez as a technical parole violator (TPV) to serve six months' backtime because

of his failure to report as instructed. (C.R. at 29-31.) The Board recalculated his maximum parole date to be December 31, 2018. *Id.*

On April 17, 2018, Torre-Gonzalez pled guilty to driving under the influence (DUI) and was sentenced to 48 hours to six months' incarceration. (C.R. at 68.) Addressing his DUI conviction, the Board recommitted Torre-Gonzalez as a convicted parole violator (CPV) to serve six months' backtime by a decision mailed June 6, 2018. (C.R. at 36-37.) The Board recalculated Torre-Gonzalez's maximum parole date as February 17, 2023, and did not credit him for time spent at liberty on parole due to his poor supervision history. *Id.*

Torre-Gonzalez filed an administrative remedies form with the Board, received on June 27, 2018, challenging the Board's June 6, 2018 decision to the extent that it denied credit for time spent at liberty on parole. (C.R. at 38-41.) On August 22, 2018, Torre-Gonzalez filed an amended administrative remedies form, clarifying that he was requesting credit for eight months and nine days from his time spent at liberty on parole from January 23, 2014, to March 13, 2018, and the time during which he was incarcerated for his DUI. (C.R. at 42-44.) Torre-Gonzalez asserted that the Board denied credit for more time than he had actually spent on parole, thus causing him to serve eight months and nine days longer than necessary. *Id.* On September 28, 2018, the Board received a letter from Attorney Kent Watkins, Esq., who entered his appearance on behalf of Torre-Gonzalez and requested to be notified once the Board rendered a decision on Torre-Gonzalez's administrative appeals.[1] (C.R. at 45-46.)

Torre-Gonzalez was reparoled on January 11, 2019. (C.R. at 55-56.) On May 28, 2019, Torre-Gonzalez failed to report to a scheduled appointment with his parole agent and was declared delinquent by the Board. (C.R. at 60-61.) At this time,

___

[1] Although Attorney Watkins' letter was not an administrative remedies form, the Board treated it as such.

Torre-Gonzalez's three administrative appeals were still pending before the Board. On September 5, 2019, the Board issued an internal memorandum indicating that Torre-Gonzalez's administrative appeals were dismissed due to his delinquency. (C.R. at 47.)

In December 2019, Torre-Gonzalez was arrested for DUI. (C.R. at 68, 92-96.) By a decision mailed March 10, 2020, the Board recommitted Torre-Gonzalez as a TPV to serve nine months' backtime for absconding while on parole and recalculated his maximum parole date to be September 14, 2023. (C.R. at 85-87, 109.) In 2020, Torre-Gonzalez submitted four requests to the Board for administrative review, each challenging the Board's calculations in its decision mailed June 6, 2018. (C.R. at 161-72.) In January 2021, Torre-Gonzalez pled guilty to DUI and was sentenced to one to five years of incarceration. (C.R. at 128-29, 146-47.) On April 16, 2021, the Board recommitted Torre-Gonzalez to serve 12 months' backtime as a CPV due to his DUI conviction, and recalculated his maximum parole date as July 11, 2024. (C.R. at 153-54.) On May 10, 2021, Torre-Gonzalez filed an administrative remedies form, arguing the Board erred in recalculating his maximum parole date. (C.R. at 174-75.)

By decision mailed July 13, 2021, the Board dismissed Torre-Gonzalez's petitions for administrative review received June 27, 2018, August 22, 2018, and September 28, 2018, as waived under the "fugitive disentitlement doctrine."[2] The Board further dismissed the four requests for administrative review received in 2020 as not properly before the Board. Finally, the Board dismissed Torre-Gonzalez's May 10, 2021 petition for administrative review and affirmed the Board's decisions recorded March 10, 2020, and April 16, 2021. (C.R. at 180-84.) Thereafter, Torre-

[2] The fugitive disentitlement doctrine is also commonly referred to as the "fugitive forfeiture rule," "fugitive dismissal rule," and the "fugitivity-as-forfeiture rule." *See Commonwealth v. Adams*, 200 A.3d 944 (Pa. 2019).

3

Gonzalez appealed to this Court.

## II.    ISSUES

On appeal,[3] Torre-Gonzalez argues that the Board erred in recalculating his parole violation maximum date by failing to credit his original sentence with all the time to which he is entitled. While on parole, Torre-Gonzalez was recommitted as a CPV by Board decision on June 6, 2018, and he timely challenged the recalculations of his parole violation maximum date. Torre-Gonzalez argues the Board erred in not issuing a decision on his administrative appeal on the grounds that he had absconded at the time the Board prepared to render a decision. (Petitioner's Br. at 19-20.)

The Board presents the question of whether the fugitive disentitlement doctrine should be extended to allow for administrative forfeiture in probation and parole cases, which appears to be an issue of first impression. The Board cites *Commonwealth v. Passaro*, 476 A.2d 346 (Pa. 1984), and asserts that Torre-Gonzalez waived his ability to challenge its June 6, 2018 decision under the fugitive disentitlement doctrine. (Respondent's Br. at 11.) In the alternative, the Board requests that if we do not apply the fugitive disentitlement doctrine, we remand so it can address and respond to Torre-Gonzalez's administrative appeals from June 27, 2018, August 22, 2018, and September 28, 2018. (Respondent's Br. at 12.)

---

[3] Review of a Board order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were not supported by substantial evidence. *Morgan v. Pennsylvania Board of Probation & Parole*, 814 A.2d 300, 302 (Pa. Cmwlth. 2003).

## III. DISCUSSION

We note first that the Board is not requesting this Court to apply the fugitive disentitlement doctrine, but rather, the Board is asking this Court to uphold its application of the doctrine at the administrative level.

In essence, the fugitive disentitlement doctrine provides that a fugitive may not seek relief from the judicial system whose authority he evades. The doctrine was developed by the United States Supreme Court as an equitable doctrine of criminal appellate procedure to be applied at the discretion of the appellate court. In *Smith v. United States*, 94 U.S. 97 (1876), the Court dismissed the appeal of a convicted criminal who became a fugitive during the pendency of his appeal. There, the Court applied the fugitive disentitlement doctrine out of concern that a judgment adverse to the fugitive would not be enforceable against him. *Id.* The Court also concluded that it was unfair that a fugitive could receive the benefits of a favorable adjudication of his appeal but could avoid the consequences of an adverse adjudication. *Id.* In subsequent decisions, the Supreme Court expounded on the rationale for the doctrine, explaining that the fugitive's disentitlement serves an important deterrent function and that the doctrine promotes an efficient and dignified appellate judicial process. *Molinaro v. New Jersey*, 396 U.S. 365 (1970) (per curiam); *Estelle v. Dorrough*, 430 U.S. 534 (1975); *Ortega-Rodriguez v. United States*, 507 U.S. 234, 245, 234, 241 (1993) (explaining that 1) the doctrine has its origin in the criminal context and arises from a court's inherent authority to protect its proceedings and judgments, 2) the doctrine is premised primarily upon a concern for the enforceability of a court's judgments, and 3) the doctrine is also premised on a "theory that construes a defendant's flight during the pendency of his appeal as tantamount to waiver or abandonment").

The Pennsylvania Supreme Court has adopted the fugitive disentitlement doctrine in criminal appellate matters. *See Passaro*, 476 A.2d at 348. The Supreme Court established that "the right to appeal is conditioned upon compliance with the

5

procedures established by [the Supreme] Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Id.* As noted, Pennsylvania courts have not applied the fugitive disentitlement doctrine to cases involving administrative rights. Application of the doctrine in this context would not appear to further the fundamental considerations undergirding the fugitive disentitlement doctrine, which are the protection and enforceability of a court's judgments. Although, it could be argued that Torre-Gonzalez's flight during the pendency of the Board's review of his administrative remedies form was tantamount to waiver or abandonment, *Ortega*, 507 U.S. at 240, and constituted an affront to the parole process, we do not believe that these concerns alone, without implication of the other more fundamental aforementioned considerations, is sufficient to invoke the fugitive disentitlement doctrine to administrative parole proceedings. Therefore, we are not inclined to extend the doctrine's application to this case. Accordingly, we conclude that the Board erred in invoking the doctrine, and we will remand to the Board to address Torre-Gonzalez's timely administrative request forms.

Nevertheless, even if we were to apply the doctrine, in the seminal case *Commonwealth v. Deemer*, 705 A.2d 827 (Pa. 1997), the Supreme Court set forth the following analysis to be employed by Pennsylvania courts in determining a fugitive's appeal rights:

> [A] fugitive who has returned to the jurisdiction of the court should be allowed to exercise his post-trial rights in the same manner he would have done had he not become a fugitive. If he returns in time for post-trial motions, he should be allowed to file them. If he returns after the time for post-trial motions has expired, his request to file post-trial motions or to reinstate post-trial motions should be denied. If he became a fugitive between post-trial motions and an appeal and he returns before the time for appeal has expired and files an appeal, he should be allowed to appeal. If he returns after the

6

time for filing an appeal has elapsed, his request to file an appeal should be denied. **If he becomes a fugitive after an appeal has been filed, his appeal should be decided and any fugitive status should be addressed separately.** In short, a fugitive who returns to court should be allowed to take the system of criminal justice as he finds it upon his return: if time for filing has elapsed, he may not file; if it has not, he may.

*Id.* at 829 (emphasis added); *see also Commonwealth v. Adams*, 200 A.3d 944, 955 (Pa. 2019) ("regardless of whether counsel has filed a notice of appeal in the fugitive's absence, if the period for filing an appeal has not expired, the fugitive is entitled to file an appeal upon his return; and, if the time for filing has elapsed, the fugitive no longer enjoys the right to file an appeal"). In the context of a fugitive's timely filed appeal, he has not forfeited, nor should he be disentitled to his appellate rights.

Here, Torre-Gonzalez timely filed an administrative remedies form on June 27, 2018, challenging the Board's June 6, 2018 decision. He was not declared delinquent until May 28, 2019, at which point his administrative remedies form was still outstanding. The Board incorrectly chose to dismiss under the fugitive disentitlement doctrine this administrative remedies form along with the amended form received on August 22, 2018, and Attorney Watkins' entry of appearance on September 28, 2018. The appropriate action the Board should have taken was to address Torre-Gonzalez's timely filed administrative remedies form and address his fugitive status separately, such as declaring him delinquent like the Board did on May 28, 2019. Moreover, the Board could have served Attorney Watkins with its decision because he had entered his appearance on behalf of Torre-Gonzalez prior to the Board's decision to dismiss the forms. Therefore, even applying the fugitive disentitlement doctrine here, we nevertheless would conclude Torre-Gonzalez's flight after filing the administrative remedies form did not waive his ability to request administrative relief or otherwise affect the Board's review process.

## IV.   CONCLUSION

Based on the foregoing, we must remand to the Board to address the merits of Torre-Gonzalez's administrative remedies forms received June 27, 2018, August 22, 2018, and September 28, 2018.  In doing so, the Board should also consider and address the residual effects such calculations would have on its March 10, 2020 and April 16, 2021 recommitment decisions.

_____
PATRICIA A. McCULLOUGH, Judge

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jose Torre-Gonzalez,              :
           Petitioner      :
                          :   No.  862 C.D. 2021
      v.                 :
                          :
Pennsylvania Parole Board,   :
           Respondent   :

## *__ORDER__*

AND NOW, this 6th day of April, 2023, the Pennsylvania Parole Board's decision of July 13, 2021 is hereby VACATED.  The case is REMANDED to the Board to issue a decision in accordance with the attached opinion.

Jurisdiction relinquished.

_____
PATRICIA A. McCULLOUGH, Judge