333 A.2d 741

**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Cornell GALLOWAY, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 19, 1974.

Decided March 18, 1975.

Penn B. Glazier, Lancaster, for appellant.

D. Richard Eckman, Dist. Atty., Ronald L. Buckwalter, Michael H. Ranck, Mary Anne Motter, Asst. Dist. Attys., Lancaster, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

EAGEN, Justice.

On March 30, 1972, Cornell Galloway was convicted by a jury in Lancaster County of Murder in the second degree. Motions for a new trial[1] and in arrest of judgment were timely filed, but before the date fixed for oral argument of these motions, Galloway escaped from the Lancaster County Prison and became a fugitive from justice. On November 2, 1972, acting on a petition filed by the district attorney, the trial court entered an order dismissing Galloway's post-trial motions with prejudice on the basis of *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970).

Galloway was later apprehended and returned to the custody of the Lancaster County authorities. On January 5, 1973, he was sentenced to imprisonment for a term of ten to twenty years on the murder conviction. On January 17, 1973, counsel for Galloway filed "Additional and Supplemental Motions for a New Trial, Nunc

---

1. The only reasons asserted in the motion for a new trial were: (1) the verdict is contrary to the evidence; (2) the verdict is contrary to the weight of the evidence; (3) the verdict is contrary to the law.

   However, Galloway reserved the right to file "additional supplemental reasons" when the notes of the trial testimony were transcribed and available. The trial transcript was filed of record on June 13, 1972.

Pro Tunc".[2]  On the same date, the trial court entered the following order:

"And now, this 17th day of January, A.D. 1973, the within Supplemental Motions are allowed to be filed; and it appearing the defendant was a fugitive from justice at the time of the filing of the original motions, the Supplemental Motions are hereby dismissed." [3]

An appeal was filed in this Court on January 23, 1973, and it was listed for hearing or oral argument on May 4th.  On that date, we were informed Galloway had again escaped from custody and was once more a fugitive from justice.  The district attorney filed a petition asking that the appeal be dismissed with prejudice. However, we took no action on the petition and entered an order continuing the hearing until Galloway returned to custody.  On August 1, 1974, we were informed Galloway had been returned to custody so we fixed November 19th as the date for hearing the appeal.  On that date, we heard oral argument on the merits, as well as on the motion to dismiss, and directed both sides to file supplemental briefs on the issue of whether the appeal should be dismissed.

The Commonwealth presses its motion to dismiss the appeal, citing *Molinaro v. New Jersey,* supra, for its position.  However, *Molinaro* is inapposite.  In that case, the Supreme Court of the United States dismissed an appeal before that Court on writ of error from the New Jersey state courts, because the appellant therein, who had been free on bail had failed to surrender himself to the state authorities and had consequently been classified by New Jersey as a fugitive from justice.  The rationale

2.  While designated "Additional and Supplemental Motions", these were an additional eleven specific *reasons* in support of the original motion for a new trial.

3.  The court was inaccurate factually.  Galloway was in custody on the date the original motion for a new trial was filed.  He fled custody at a later date.

behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court, and hence, might not be responsive to the judgment of the court. See *Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876); *Ruetz v. Lash*, 500 F.2d 1225 (7th Cir. 1974); *United States v. Swigart*, 490 F.2d 914 (10th Cir. 1973); *Johnson v. Laird*, 432 F.2d 77 (9th Cir. 1970).

Instantly, while Galloway was a fugitive from justice on the date his appeal was first listed for hearing before this Court, rather than then dismissing the appeal we entered an order granting a general continuance of the hearing until Galloway was apprehended. Since Galloway is no longer a fugitive from justice and is now subject to the jurisdiction of this Court, he will be responsive to any judgment this Court renders. Therefore, this Court has no basis upon which to grant a motion to dismiss the appeal at this juncture. Hence, the Commonwealth's motion to dismiss the appeal will be denied.

In order to give the trial court the first opportunity to rectify any errors that may have occurred in the trial process, and to aid in clarifying and framing the issues on appeal, we remand the record to the trial court for disposition of the post-trial motions on the merits. See *Commonwealth v. Grillo*, 208 Pa.Super. 444, 449 n. 1, 222 A.2d 427, 430 n. 1 (1966). Upon remand the trial court is directed to consider the issues raised in the "motions" filed January 17, 1973. By virtue of its order accepting the filing of these "motions", the court excused any failure to file them more timely.

The record is hereby remanded to the trial court for proceedings consistent herewith.

It is so ordered.

JONES, C. J., dissents.