## Commonwealth *v.* Barron, Appellant.

Argued September 10, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John J. Poserina, Jr.,* with him *Ettinger, Poserina, Silverman, Dubin & Anapol,* for appellant.

Francis C. Barbieri, Jr., Mark Sendrow and Steven H. Goldblatt, Assistant District Attorneys, Abraham J. Gafni, Deputy District Attorney, and F. Emmett Fitzpatrick, District Attorney, submitted a brief for Commonwealth, appellee.

OPINION BY PRICE, J., December 1, 1975:

The appellant, Herman Barron, pleaded guilty to charges of aggravated assault and possessing an instrument of crime, based upon charges related to the stabbing of his girlfriend, Barbara Lyons. Following his guilty plea on April 10, 1974, appellant was ordered to undergo a psychiatric examination with a view toward mental health commitment. The examining physicians recommended that appellant be placed in a psychiatric ward, rather than a penal institution.

Appellant was sentenced on June 4, 1974, to 5-10 years imprisonment. In lieu of serving this sentence, however, appellant was ordered to be committed to the Philadelphia State Hospital at Byberry. Appellant filed this appeal on July 10, 1974, but before the appeal could be heard, appellant escaped from the hospital. On October 23, 1974, a bench warrant was issued for appellant's arrest. The bench warrant is still outstanding.

On July 29, 1975, appellant's counsel, without consulting his client, who is still at large, filed a brief challenging his commitment to Byberry. Counsel for the Commonwealth answered the brief, and, in addition, requested that the appeal be quashed. Because appellant is a fugitive, we will not consider the merits of his appeal. Rather, we will grant the Commonwealth's motion to quash.

In *Commonwealth v. Galloway*, 460 Pa. 309, 311-312, 333 A.2d 741, 743 (1975), the Pennsylvania Supreme Court stated:

"The Commonwealth presses its motion to dismiss the appeal, citing *Molinaro v. New Jersey, supra,* for

its position. However, *Molinaro* is inapposite. In that case, the Supreme Court of the United States dismissed an appeal before that Court on writ of error from the New Jersey state courts, because the appellant therein, who had been free on bail had failed to surrender himself to the state authorities and had consequently been classified by New Jersey as a fugitive from justice. *The rationale behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court, and, hence, might not be responsive to the judgment of the court. See Smith v. United States, 94 U.S. 97, 24 L.Ed. 32 (1876); Ruetz v. Lash, 500 F.2d 1225 (7th Cir. 1974); United States v. Swigart, 490 F.2d 914 (10th Cir. 1973); Johnson v. Laird, 432 F.2d 77 (9th Cir. 1970)."* (emphasis added).

The Pennsylvania Supreme Court found *Molinaro v. New Jersey*, 396 U.S. 365 (1970), inapplicable to the facts of its decision in *Commonwealth v. Galloway, supra,* because Galloway was apprehended before the appeal was heard. However, we find *Molinaro* to be on point in the instant case. As in *Molinaro,* the appellant herein is now a fugitive from justice and has been for approximately one year. Under such circumstances, and in view of the fact that no statutory authority exists to compel this court to hear an appeal of a person outside our jurisdiction, we will not adjudicate appellant's case.

We agree with the rationale of the *Molinaro* Court: "No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy,

we believe it disentitles the defendant to call upon the resources of the Court for determination of his claims." 396 U.S. at 366.

The position maintained in *Molinaro, supra,* is not new to the United States Supreme Court. The principle was first enunciated in *Smith v. United States,* 94 U.S. 97 (1876), wherein the Court stated: "It is clearly within our discretion to refuse to hear a criminal case in error, unless the convicted party, suing out the writ, is where he can be made to respond to any judgment we may render. In this case it is admitted that the plaintiff in error has escaped, and is not within the control of the court below, either actually, by being in custody, or constructively, by being out on bail. If we affirm the judgment, he is not likely to appear to submit to his sentence. If we reverse it and order a new trial, he will appear or not, as he may consider most for his interest. Under such circumstances, we are not inclined to hear and decide what may prove to be only a moot case." 94 U.S. at 97.

We find such reasoning persuasive, and hold it applicable to cases in the Commonwealth wherein the appealing party is a fugitive from justice.

The appeal is quashed.