446 A.2d 633

**COMMONWEALTH of Pennsylvania**

v.

**James CLARK, Appellant.**

Superior Court of Pennsylvania.

Submitted Nov. 4, 1981.

Filed June 4, 1982.

Petition for Allowance of Appeal Denied Oct. 12, 1982.

Harvey W. Robbins, Philadelphia, for appellant.

Jane C. Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before SPAETH, BECK and LIPEZ, JJ.

BECK, Judge:

This appeal arises from an incident on March 23, 1979 wherein Hilary Rossi was sexually assaulted and robbed. Appellant was convicted on July 23, 1979 by a jury of rape, robbery, unlawful restraint and possession of an instrument of crime.

Appellant timely filed post-trial motions on July 31, 1979, and argument on the motions was scheduled for September 26, 1979. On the day scheduled for motions, appellant escaped from custody and was not returned to this jurisdiction until July 25, 1980.

The lower court on November 8, 1979 dismissed appellant's post-trial motions over his counsel's objection. He was sentenced on September 17, 1980 to incarceration for a period of twelve to twenty-five years.

Appellant alleges, *inter alia*, that he is entitled to a remand for reinstitution of post-verdict motions because he is no longer a fugitive from justice and is now subject to the jurisdiction of the court. In advancing that claim, appellant relies principally upon *Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975). After a conviction and the timely filing of motions for a new trial and in arrest of judgment, but before oral argument on the motions, Galloway escaped from prison. The trial court dismissed his post-trial motions. After he was apprehended and sentenced, his counsel filed supplemental motions because Galloway was a fugitive from justice when the original motions were filed. Those supplemental motions were also dismissed. An appeal was filed in the Supreme Court and on the day listed for oral argument, the court was informed that he had once again escaped. The court continued the hearing pending his return. Upon his return, the court denied the Commonwealth's motion to dismiss because Galloway was then subject to the jurisdiction of the court and therefore responsive to any judgment

rendered. The *Galloway* court remanded to the trial court for reinstatement of the post-trial motions.[1]

It is clear that the trial court in *Galloway*, as in the instant case, was without discretion in denying defendant's post-verdict motions as long as he remained a fugitive outside the court's jurisdiction. *Commonwealth v. Tomlinson*, 467 Pa. 22, 354 A.2d 254 (1976). It is equally clear, however, that when appellant returns to the court's jurisdiction, this court may grant leave to re-file post-trial motions. *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978); *Commonwealth v. Borden*, 256 Pa.Super. 125, 389 A.2d 633 (1978). While it is within our discretion to remand for reinstatement, as did the *Galloway* court, we are not constrained to do so.

We conclude instead that the trial court did not abuse its discretion in declining to reinstate appellant's post-trial motions even after he was returned to its jurisdiction. We premise our conclusion upon a theory of waiver as propounded in *Commonwealth v. Boyd*, 244 Pa.Super. 98, 100–101, 366 A.2d 934, 935 (1976):

> A defendant who runs away after having been convicted of the charge or charges against him waives his right to a judicial review of his case. If he thereafter returns it is a matter of discretion of the court whether or not the circumstances justify a reinstatement of his post-trial motions or applications.... We find that the appellant by becoming a fugitive lost his right to a review of his post-trial motions and that the trial court did not abuse its discretion in refusing to consider the motions upon his return to the jurisdiction.

1. We note, however, that *Galloway* is distinguishable from the instant case. In *Galloway*, appellant "[became] a fugitive *after* appellate jurisdiction [had] already attached...." *Commonwealth v. Albert*, 260 Pa.Super. 20, 22, 393 A.2d 991, 992 (1978) (emphasis added). *See also Commonwealth v. Harrison*, 289 Pa.Super. 126, 432 A.2d 1083 (1981).

■ Appellant does raise one claim on appeal that cannot be waived.[2] That is, was he competent to stand trial? The test for competency was enunciated in *Commonwealth v. Tyson*, 485 Pa. 344, 402 A.2d 995 (1979):

> We have concluded however that when the issue presented is whether a person was competent to stand trial, the waiver rule is not applicable. *See Commonwealth v. Marshall*, 456 Pa. 313, 319, 318 A.2d 724, 727 (1974) .... The test of an accused's competency to stand trial is his "ability to comprehend his position as one accused of murder and to cooperate with his counsel in making a rational defense." (Citations omitted.) *Commonwealth ex rel. Hilberry v. Maroney*, 424 Pa. 493, 495, 227 A.2d 159, 160 (1967). A finding of competency by the trial court will not be reversed unless it is unsupported by the record. *Commonwealth v. Kennedy*, 451 Pa. 483, 305 A.2d 890 (1973).

*Id.* 485 Pa. at 349, 402 A.2d at 997. *See also Commonwealth v. Robinson*, 494 Pa. 372, 431 A.2d 901 (1981); *Commonwealth v. Higgins*, 492 Pa. 343, 424 A.2d 1222 (1981); *Commonwealth v. Nelson*, 489 Pa. 491, 414 A.2d 998 (1980); *Commonwealth v. Pifer*, 284 Pa.Super. 170, 425 A.2d 757 (1981).

■ We review the evidence as presented by appellant to determine if his testimony exhibited cooperation with his counsel in presenting a rational defense. This we believe to be determinative of his competency to stand trial.[3]

Appellant offered as a defense that Hilary Rossi consented to sexual intercourse and being bound and gagged. Appellant testified that he entered a bakery where the prosecutrix was employed with the intention of buying himself a birthday cake. (N.T.7.20.) He offered her a "joint" (mari-

**2.** Because we find that appellant by escaping from prison waived his right to judicial review of this case, we do not address the merits of his other claims.

**3.** It should be noted that the trial judge did conclude that appellant was competent to stand trial. (N.T.3.8–3.9, 7.119.) While no psychiatric examination was conducted, we do not find such an examination to be a prerequisite to a determination of competency.

juana cigarette). She locked the front door of the bakery, and they walked to the back of the bakery where they smoked the "joint." (N.T.7.21.) Appellant got up as if he intended to leave, and Mrs. Rossi asked him why he was in such a hurry. At that point she approached him and placed her hand on the front of his pants, after which they engaged in sexual intercourse. (N.T.7.22.) Appellant subsequently asked her for money, and she gave him the money from her purse. He then suggested that she give him the money in the cash register, an idea at which she initially balked. She subsequently agreed to being bound and gagged so that it would appear as if the bakery had been robbed and that she had been subdued by force. (N.T. 7.26–29.)

That the above story may appear fantastic is not at issue here. What we must ascertain is whether appellant cooperated with his counsel in advancing a defense consistent with innocence. It is clear that had the jury believed appellant's account of events, he would have been acquitted of the charges brought against him. *See Commonwealth v. Webster*, 490 Pa. 322, 416 A.2d 491 (1980); *Commonwealth v. Stockard*, 489 Pa. 209, 413 A.2d 1088 (1980).

The jurors disbelieved appellant's account and believed Hilary Rossi's story that he "stuck a gun in my neck and told me to be quiet or he was going to blow my brains out." (N.T. 5.129.) She testified that he then raped her.

Appellant's testimony was coherent, rational, and consistent with his purpose of proving his innocence of the charges. Accordingly, we find no reason to disturb the finding of the lower court as to appellant's competency to stand trial.

Judgment of sentence is affirmed.

SPAETH, J., files a dissenting statement.

SPAETH, Judge, dissenting:

I agree that it was within the discretion of the lower court to dismiss appellant's post-trial motions even after he was returned to its jurisdiction. However, the lower court in exercising its discretion placed some emphasis on the fact

that appellant never petitioned to have his post-trial motions reinstated, and appellant argues now that trial counsel was ineffective in failing to request reinstatement. Insofar as this is appellant's first opportunity to assert trial counsel's ineffectiveness, he should not be held to have waived this argument.

The case should be remanded to allow the lower court to consider whether trial counsel was ineffective in failing to request reinstatement.