452 A.2d 1072
**COMMONWEALTH of Pennsylvania**
v.
**Gary Lee MILLIGAN, Appellant.**
Superior Court of Pennsylvania.
Submitted Dec. 14, 1981.
Filed Nov. 30, 1982.

Gary Lee Milligan, Graterford, appellant, in pro. per.

George Yatron, District Attorney, Reading, for Commonwealth, appellee.

Before McEWEN, JOHNSON and WATKINS, JJ.

JOHNSON, Judge:

Appellant was convicted by a jury of aggravated assault, theft, robbery, burglary, recklessly endangering another person and conspiracy on June 12, 1980. Post-verdict motions were filed and dismissed on November 7, 1980 because Appellant had escaped from prison and was at large on that date. After Appellant's apprehension, he was sentenced on January 6, 1981.

Appellant filed a pro se direct appeal to this court which included Appellant's Motion to File Post-Verdict Motions to Arrest Judgment and New Trial Nunc Pro Tunc. The special district attorney assigned to this prosecution filed a Petition to File Brief Nunc Pro Tunc, which Petition was granted by this court on July 28, 1982. Appellant then filed a pro se Petition for Appointment of Counsel for Appeal Nunc Pro Tunc and the Commonwealth filed an Answer thereto. Subsequently, the Commonwealth filed its Brief for Appellee.

We agree with the propriety of the dismissal of Appellant's post-verdict motions on the instant facts. However, we believe that justice would be served by exercising our discretion to permit Appellant to refile post-verdict motions nunc pro tunc. *See Commonwealth v. Borden,* 256 Pa.Super. 125, 389 A.2d 633 (1978). The Commonwealth's Brief indicates its approval of this result.

Also, as Appellant has requested appointment of counsel by his Petition referred to previously, we shall remand this case to the trial court for the appointment of a member of

the Berks County Public Defender's Office to assist Appellant in this case.

Appellant's request to file post-verdict motions nunc pro tunc is granted and the case is remanded to the trial court. The trial court shall appoint counsel from the Berks County Public Defender's Office to assist Appellant in this case. Jurisdiction is not retained by this court.