514 A.2d 896

**COMMONWEALTH of Pennsylvania**

v.

**James LUCKENBAUGH, Appellant.**

Superior Court of Pennsylvania.

Submitted April 1, 1986.

Filed Sept. 4, 1986.

356

Stephen P. Vlossak, Sr., Palmerton, for appellant.

Richard W. Webb, District Attorney, Palmerton, for Com., appellee.

Before McEWEN, OLSZEWSKI and KELLY, JJ.

KELLY, Judge:

Defendant, James Luckenbaugh, appeals from the judgment of sentence imposed by the Court of Common Pleas of Carbon County. On appeal, he claims that the sentencing judge erroneously calculated his prior record score under the Sentencing Guidelines, and thus sentenced him to a longer term than was proper. We agree with appellant's contention, and vacate the judgment of sentence.

■ Appellant entered a guilty plea on April 9, 1985 to one count of robbery, alleged to have occurred on November 13, 1984. On June 7, 1985, he was sentenced to serve two to four years in the Carbon County Prison. It is from this sentence which he now appeals, claiming that the

sentencing judge erred in using juvenile adjudications in calculating his prior record score.[1]

This Court has previously recognized that "[t]he Sentencing Guidelines impose strict limitations on the use of juvenile adjudications in sentencing for crimes committed as an adult." *Commonwealth v. Bivens,* 337 Pa.Super. 216, 218–19, 486 A.2d 984, 985–6 (1984). At the time of appellant's sentencing, the Guidelines stated that juvenile adjudications could be counted in computing a prior record score when:

> [T]here was an express finding that the adjudication was based on the commission of a felony or one of the weapons misdemeanors listed in subsection (a)(3) *where the adjudication occurred on or after the defendant's 14th birthday.*

204 Pa.Code § 303.7(b)(ii) (emphasis added).[2] Appellant alleges that the sentencing court utilized adjudications which occurred before his fourteenth birthday in calculating his

**1.** The Commonwealth argues only that appellant has waived his right to appellate review. Following sentencing, appellant filed a motion for reconsideration. He then escaped from custody. As a result, the lower court dismissed his motion, finding that appellant had forfeited any right to have his claims considered. *See Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984). This Court, however, may exercise its discretion and permit review of such claims when the appellant has returned to the jurisdiction. *See Commonwealth v. Milligan,* 307 Pa.Super. 129, 452 A.2d 1072 (1982); *Commonwealth v. Borden,* 256 Pa.Super. 125, 389 A.2d 633 (1978). Furthermore, certain claims, such as competence to stand trial, *see Commonwealth v. Clark,* 300 Pa.Super. 315, 446 A.2d 633 (1982), and a challenge to the legality of a sentence, *see Commonwealth v. Padden,* 335 Pa.Super. 51, 483 A.2d 950 (1984), cannot be waived. Thus, although the lower court properly dismissed appellant's motion for reconsideration, we will consider the merits of appellant's sentencing challenge.

**2.** Effective January 2, 1986, this Section was amended so as to permit scoring for:

> Each prior offense which resulted in a juvenile adjudication of delinquency where:
>
> (A) there was an express finding by the juvenile court that the adjudication was for a felony or one of the weapons misdemeanors listed in (a)(3),
>
> (B) *the offense occurred* on or after the defendant's 14th birthday, and
>
> (C) the currently sentenced offense is a felony.
>
> (Emphasis added).

prior record score, contrary to the dictates of Section 303.7. We agree.

■ The appellant was born on July 31, 1966. Although the lower court has not provided us with a sentencing guidelines form, a review of the sentencing transcript[3] reveals that the court considered the following juvenile adjudications in determining that appellant has a prior record score of six:

(1) A juvenile adjudication based upon two counts of theft and two counts burglary, occurring on June 27, 1980, when appellant was thirteen years old;

(2) A juvenile adjudication based upon one count of burglary, occurring on November 15, 1983, when appellant was seventeen years old.[4]

In calculating the prior record score, the sentencing court erred in considering juvenile adjudications which occurred before appellant had reached the age of fourteen. Accordingly, the sentence is vacated and the case is remanded for resentencing in accordance with the Sentencing Guidelines. Jurisdiction is relinquished.

**3.** During sentencing, the judge referred to appellant's juvenile adjudications numerous times. (N.T. 6/17/85, pp. 16–19). The judge then told appellant that he was sentencing him to serve two to four years, "the minimum sentence under the guidelines." The offense gravity score for robbery, 18 Pa.C.S. § 3701(a)(1)(iv), is either a 5 or a 6, according to 204 Pa.Code § 303.8. Looking to the minimum range section of the sentence range chart, 204 Pa.Code § 303.9, and using the higher offense gravity score of 6, we find that a prior record score of at least 3 must be used to reach the sentence given to appellant, 24 to 48 months. Thus, it is clear that the sentencing judge considered at least one of the juvenile adjudications which occurred before age fourteen in calculating appellant's prior record score.

**4.** Appellant also challenges the use of this adjudication, which occurred when he was seventeen years old. He claims that (1) the sentencing commission exceeded its authority in calling for the use of juvenile adjudications in calculating a prior record score; (2) that Section 303.7 is an *ex post facto* law and is constitutionally defective, since it increases the punishment which a defendant receives for juvenile acts; (3) the sentencing guidelines are in conflict with the juvenile act. These issues are presently being considered by the court *en banc* in *Commonwealth v. Tilghman*, 770 Philadelphia 1985. On remand for resentencing, the sentencing court should be guided by our disposition of these issues.

McEWEN, J., joins opinion.

OLSZEWSKI, J., files dissenting opinion.

OLSZEWSKI, Judge, dissenting:

I disagree with the majority's decision to vacate sentence and to remand for resentencing. Inasmuch as appellant has forfeited his right to challenge his sentence by escaping from prison during the pendency of his petition for reconsideration, this Court should not review this issue on appeal pursuant to *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

Although I generally agree with the rule cited by the majority that a challenge to an illegal sentence cannot be waived, I nevertheless believe that it is inapplicable to the instant case. The "waiver" which our Courts have excused in challenging sentence is the failure, whether through intent or neglect, to preserve the issue for appellate review, i.e., failure to file post-verdict motions, or petition for reconsideration of sentence.

A review of the facts in the instant case reveals that appellant had preserved his right to appellate review when he filed a petition for reconsideration of sentence, hence, he has not waived his right to appeal the legality of his sentence. Nevertheless, he did forfeit his right to have his petition heard when he escaped from prison during the pendency of his petition.

It is well settled that a reviewing court may dismiss a petition under *Commonwealth v. Barron*, 237 Pa.Super. 369, 352 A.2d 84 (1975), when the petitioner has fled the jurisdiction and control of the court. Moreover, our Supreme Court has recognized that a reviewing court may refuse to reinstate a petition after the defendant has been recaptured. *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984); *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976) (Defendant who becomes a fugitive following his conviction, waives the right to judicial review of his case. If he thereafter returns, it is within the court's discretion whether or not circumstances justify reinstate-

ment of his post-trial motions or applications.). Consequently, since appellant has jeopardized his right to challenge the legality of his sentence by electing to escape from custody during the pendency of his petition, I would affirm the lower court's decision to dismiss the petition. This Court should not indulge the whims of a petitioner who deliberately acted to avoid its rules.