550 A.2d 1317

**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**James LUCKENBAUGH.**

Supreme Court of Pennsylvania.

Argued Oct. 24, 1988.

Decided Dec. 9, 1988.

Michael J. Garfield, 1st Asst. Dist. Atty., William E. McDonald, Jim Thorpe, for appellant.

Stephen P. Vlossak, Jim Thorpe, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and STOUT, JJ.

## ORDER

PER CURIAM:

Order of Superior Court reversed. *See Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984).

ZAPPALA, J., files a dissenting statement.

ZAPPALA, Justice, dissenting.

I would affirm the order of the Superior Court which vacated the sentence imposed on Appellee James Luckenbaugh by the Carbon County Court of Common Pleas and remanded the matter for resentencing. Luckenbaugh en-

tered a guilty plea on April 9, 1985 to one count of robbery. On June 7, 1985, he was sentenced to serve two to four years imprisonment. A motion for reconsideration of the sentence was filed by Luckenbaugh challenging the trial judge's use of prior juvenile adjudications in calculating his prior record score. The trial court issued a rule to show cause why the sentence should not be vacated and reconsidered to the District Attorney's Office on June 17, 1985. The rule was made returnable on July 2, 1985.

Prior to July 2, 1985, Luckenbaugh escaped from Carbon County Prison. The trial court sua sponte concluded that it would not consider the motion for reconsideration for that reason, entering an order to that effect dated July 2, 1985. The order was not docketed, however, until July 15, 1985. On July 5, 1985, a notice of appeal to the Superior Court was filed on Luckenbaugh's behalf. The trial court directed that a statement of matters complained of be filed pursuant to Pa.R.A.P. 1925(b), which was complied with on August 8, 1985.

On appeal, the Superior Court concluded that the sentencing judge erroneously calculated Luckenbaugh's prior record score under the sentencing guidelines. The sentencing guidelines which were effective when Luckenbaugh was sentenced precluded consideration of juvenile adjudications of delinquency which occurred on or before a defendant's 14th birthday. The guidelines were subsequently amended to permit scoring for a prior offense which resulted in a juvenile adjudication where the *offense* occurred on or after the defendant's 14th birthday. *See*, 204 Pa.Code § 303.-7(b)(ii). Reviewing the sentencing transcript, the Superior Court concluded that the sentencing judge had improperly considered at least one of Luckenbaugh's juvenile adjudications which had occurred before age fourteen in calculating his prior record score. The sentence was vacated and the case remanded for resentencing in accordance with the guidelines.

Before the Superior Court, the Commonwealth argued only that Luckenbaugh had waived his right to appellate review because he had escaped from custody. The Superior

Court stated that although the lower court had properly dismissed Luckenbaugh's motion for reconsideration, it would exercise its discretion to permit review of claims on appeal when the appellant has returned to the jurisdiction. The record does not indicate the date when Luckenbaugh returned to the jurisdiction.

The Commonwealth challenges the Superior Court's disposition of the matter, framing the issue before us as whether the Superior Court has the right to sua sponte reinstate a defendant's appeal which was dismissed by the trial court because of a defendant's unavailability due to his escape from custody. Initially, the Commonwealth views the Superior Court's action as a reinstatement of an appeal which has been dismissed by the trial court. This is inaccurate. It was Luckenbaugh's appeal from the order of sentence—not the trial court's refusal to consider his motion for reconsideration—which was before the Superior Court. The trial court did not and could not have dismissed the appeal presented to the Superior Court. Only the Superior Court itself could have dismissed the appeal presented before it. The Superior Court did not review the exercise of discretion of the trial court in refusing to address the reconsideration motion. To the contrary, it acknowledged that the trial court acted properly.

The actual issue then is whether the Superior Court has discretion to entertain a defendant's appeal when he has returned to the jurisdiction. In *Commonwealth v. Galloway,* 460 Pa. 309, 333 A.2d 741 (1975), we stated that

The rationale behind dismissal of an appeal while a convicted defendant is a fugitive from justice rests upon *the inherent discretion of any court to refuse to hear the claim of a litigant who, by escaping, has placed himself beyond the jurisdiction and control of the court,* and, hence, might not be responsive to the judgment of the court.

460 Pa. at 311–312, 333 A.2d at 743. (Citations omitted.) Such discretion necessarily includes the ability to decide to hear the claim of a litigant who returns to the jurisdiction, as was done in *Galloway.*

The majority of this Court reverses the Superior Court order without addressing the issue which was not resolved by *Passaro*. Unlike the instant case, the Superior Court had denied Passaro's petition for reinstatement of his appeal. This Court held in *Passaro* that a defendant who elects to escape from custody forfeits his right to appellate review. The issue of whether a court has the authority to reinstate an appeal was not before us. The issue is now properly presented to this Court in this case.

The majority's per curiam reversal of the Superior Court's order, without analysis of the underlying issue, is unfortunate. It lends no guidance to the lower courts as to their authority to reinstate appeals. I conclude that our decision in *Passaro* neither deprives a tribunal of such authority nor dictates such a result. Consistent with this Court's prior decision in *Commonwealth v. Galloway, supra,* which was cited in *Passaro,* I would hold that the lower courts have the inherent discretion to refuse to hear the appeal of a fugitive and the discretion to reinstate such an appeal. The Superior Court properly exercised its discretion to reinstate the appeal in this matter and no abuse of that discretion is indicated.