609 A.2d 832

**COMMONWEALTH of Pennsylvania**

v.

**Lawrence LINES, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 6, 1992.

Filed June 19, 1992.

Glenn A. Zeitz, Philadelphia, for appellant.

Stephen B. Harris, Asst. Dist. Atty., Warrington, for Com., appellee.

Before OLSZEWSKI, JOHNSON, and HOFFMAN, JJ.

OLSZEWSKI, Judge.

This is an appeal from the judgment of sentence rendered on July 19, 1991, by the Court of Common Pleas of Bucks County. Following a jury trial on October 10, 1986, appellant was convicted of first-degree murder, receiving stolen property, and conspiracy to hinder apprehension.[1] Appellant absconded from the courthouse during jury deliberations, and on October 14, 1986 a bench warrant was issued for his arrest. On October 20, 1986, while appellant remained at large, post-trial motions for new trial and in arrest of judgment were filed on appellant's behalf. In response, the Commonwealth filed a motion to quash these appeals due to appellant's fugitive status. According to the record and docket entries, the trial court never acted upon the Commonwealth's motion to quash. Appellant remained a fugitive from justice until December 21, 1986. In February of 1987, appellant retained new counsel who filed additional post-trial motions. After numerous evidentiary hearings, these motions were denied on May 23, 1991. Appellant was sentenced to life imprisonment on July 19, 1991, and this appeal followed.

Appellant presents three issues for our consideration.[2] Appellee Commonwealth, however, proposes the additional

1. Appellant was acquitted of robbery.
2. Specifically, appellant asks us to review:

argument that the trial court erred by denying its motion to quash appellant's "appeal" since appellant was a fugitive from justice at the time post-trial motions were filed.[3] The heart of the Commonwealth's assertion challenges our ability to exercise appellate review of this case. For the reasons below, we quash this appeal; therefore, we will not attend to the merits of appellant's arguments.

In the present case, the trial judge chose to postpone ruling on appellant's first set of post-trial motions, and did not respond to the Commonwealth's motion to quash. Instead, once appellant was returned to custody, the trial court allowed appellant's new counsel to file additional post-trial motions and later denied these motions on other substantive grounds. Pennsylvania case law indicates that a trial court is without discretion and, therefore, must dismiss a defendant's post-trial motions as long as a defendant is fugitive. *Commonwealth v. Clark*, 300 Pa.Super. 315, 318, 446 A.2d 633, 634 (1982), *cert. denied*, 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990); *Commonwealth v. Albert*, 260 Pa.Super. 20, 22, 393 A.2d 991, 992 (1978); *Commonwealth v. Boyd*, 244 Pa.Super. 98, 100, 366 A.2d 934, 935 (1976). Accordingly, we find that the trial judge erred by failing to act on the Commonwealth's motion to quash.

(1) Whether the attorney for the Commonwealth, in his closing presentation, continuously expressed his personal opinions of the evidence so as to deprive appellant of a fair trial.

(2) Whether the Commonwealth committed prosecutorial misconduct in failing to disclose exculpatory evidence concerning its star witness, failing to comply with the discovery rules, and failing to correct perjured testimony of the star witness, thus requiring a new trial.

(3) Whether appellant was denied effective assistance of counsel when defense counsel allowed the admittance of hearsay statements without objection, failed to properly prepare for trial and conduct an independent defense investigation, failed to utilize character witness testimony, and failed to develop and present a coherent and cogent theory of defense.

Appellant's brief at 2.

3. The Commonwealth's motion to quash appellant's "appeal" was, in actuality, an attempt to have appellant's post-trial motions dismissed due to his fugitive status. At this point in the proceedings, notice of appeal had not yet been lodged.

■ With regard to the powers of this Court, case law has evolved which bars appellate review where an appellant has jeopardized his rights by becoming a fugitive. *See Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984); *Commonwealth v. Luckenbaugh,* 356 Pa.Super. 355, 514 A.2d 896 (1986) (Olszewski, J., dissenting), *reversed,* 520 Pa. 75, 550 A.2d 1317 (1988); *Commonwealth v. Jones,* No. 193 E.D.1990, —— Pa. ——, 610 A.2d 439 (1992). In *Commonwealth v. Passaro,* appellant was a fugitive at the appellate level since he escaped following the filing of his appellate brief, but before oral argument. *Passaro,* 504 Pa. at 613–614, 476 A.2d at 347–348. Thereafter, the Commonwealth's motion to quash his appeal was granted. *Id.* Following his apprehension, appellant filed a petition to reinstate his appeal which was denied. *Id.* On appeal, appellant did not dispute the propriety of the dismissal of his appeal, but rather asserted his right to appellate reinstatement once apprehended. The *Passaro* Court acknowledged the right of appeal guaranteed by Article 5, section 9 of the Pennsylvania Constitution, but added that "... the right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences of his decision." *Id.* Reasoning that appellant had exercised his right of appeal which he then forfeited by escaping, our Supreme Court held that appellant's petition for reinstatement was properly denied. *Id.* The *Passaro* case has become the basis of subsequent decisions concerning the effect of fugitive status upon appellate rights.

In *Commonwealth v. Luckenbaugh,* a panel of this Court confronted a situation where appellant had escaped after filing a petition for reconsideration of sentence. *Luckenbaugh,* 356 Pa.Super. at 357 n. 1, 514 A.2d at 897 n. 1. This Court held that the lower court properly dismissed appellant's petition, but continued to address the merits of the appeal claiming that appellant had returned to the jurisdic-

tion and that challenges to the legality of a sentence could not be waived. *Id.* In a dissenting opinion, this author relied on the *Passaro* decision and countered that the appeal should not be reviewed since appellant forfeited his right to appellate review by escaping during the pendency of the petition for reconsideration. *Luckenbaugh*, at 358, 514 A.2d at 898. This author further stated, "This Court should not indulge in the whims of a petitioner who deliberately acted to avoid its rules." *Id.* In line with this dissent, our Supreme Court reversed the Superior Court decision, *per curiam*, citing *Passaro. Commonwealth v. Luckenbaugh*, 520 Pa. 75, 550 A.2d 1317 (1988).

Finally, in *Commonwealth v. Jones*, our Supreme Court recently affirmed this Court's *en banc* decision to quash the appeal of an appellant who was a fugitive during the appellate process. Appellant, who was charged with robbery and criminal conspiracy, escaped when jury selection had commenced but had not yet been completed. *Jones*, —— Pa. at ——, 610 A.2d at 441. Appellant was tried and convicted, *in absentia*, pursuant to Pa.R.Crim.P. 1117(a) which provides that "defendant's absence without cause shall not preclude proceeding with the trial including the return of the verdict." *Jones*, at ——, 610 A.2d at 441. While appellant remained at large, his post-verdict motions were denied on the merits, he was sentenced, his petition for reconsideration was denied and a timely notice of appeal was filed. *Id.* Later, appellant was apprehended while his appeal was pending. *Id.* The issue before our Supreme Court was whether appellant had forfeited his appellate rights by becoming a fugitive from justice. In response, our Supreme Court held that:

> A defendant's voluntary escape acts as a per se forfeiture of of his rights of appeal, *where the defendant is a fugitive at any time after post-trial proceedings commence.* Such a forfeiture is irrevocable and continues despite the defendant's capture or voluntary return to custody. Thus, by choosing to flee from justice, appellant has forever forfeited his right to appeal.

*Jones*, at ——, 610 A.2d at 441 (emphasis added). Instantly, appellant escaped from the courthouse during jury deliberations and remained a fugitive for two months after the filing of his post-trial motions. Accordingly, under the direction of *Jones*, appellant has "forever forfeited his right to appeal" by electing to become a fugitive after post-trial procedures have begun.

Following the rationale espoused by our Supreme Court in *Passaro* and subsequently developed in the *Luckenbaugh* and *Jones* decisions, we find that we are precluded from reviewing appellant's arguments and quash appellant's appeal.[4]

Appeal quashed.

JOHNSON, J., dissents.

JOHNSON, Judge, dissenting.

I respectfully dissent.

While a jury was deliberating his case, Lawrence Lines absconded from the Bucks County Courthouse. Lines was convicted in absentia of first-degree murder, receiving stolen property, and conspiracy to hinder apprehension. While Lines remained at large, post-trial motions for a new trial and in arrest of judgment were filed on his behalf. In response, the Commonwealth filed a motion to quash those motions on the grounds that Lines had become a fugitive. Lines remained a fugitive until December 21, 1986. Lines obtained new counsel who filed additional post-trial motions on his behalf. On May 23, 1991, after numerous evidentiary hearings, the trial court denied Lines' post-trial motions. Lines was sentenced to life imprisonment. The trial court never acted upon the Commonwealth's motion to quash.

4. *See also, Commonwealth v. Judge,* —— Pa. ——, 609 A.2d 785 (Pa. 1992) (Appellant forfeited his rights to appellate view of any claims of error by escaping from custody two days after sentencing. Since this was a death penalty case, however, our Supreme Court reviewed the sufficiency of the evidence and appellant's sentence as mandated by 42 Pa.C.S.A. § 9711(h).).

The Majority first concludes that, when a defendant is a fugitive, a trial court "is without discretion and, therefore, must dismiss a defendant's post-trial motions as long as a defendant is fugitive." Majority Opinion at 440. For this position, the Majority relies upon *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976), *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978), and *Commonwealth v. Clark*, 300 Pa.Super. 315, 446 A.2d 633 (1982), *cert. denied*, 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990).

The Majority also concludes that case law "bars appellate review where an appellant has jeopardized his rights by becoming a fugitive." Majority Opinion at 441. In reaching this conclusion, the Majority relies upon *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984), *Commonwealth v. Luckenbaugh*, 356 Pa.Super. 355, 514 A.2d 896 (1986), *reversed* 520 Pa. 75, 550 A.2d 1317 (1988), and *Commonwealth v. Jones*, 388 Pa.Super. 22, 564 A.2d 983 (1989) *affirmed* —— Pa. ——, 610 A.2d 439 (1992) (193 E.D. Appeal Docket 1990, filed May 19, 1992).

I find myself unable to join the Majority Opinion. In my view, the Majority's propositions go beyond, and may be contrary to, established Pennsylvania law. The cases cited do not stand for either position asserted by the Majority. Having carefully reviewed cases addressing the powers of a court to dismiss or reinstate rights of review in cases involving fugitives, I conclude that a trial court may address the merits of post-trial motions on behalf of a defendant who has returned to the court's jurisdiction in the exercise of its discretion. Accordingly, I dissent.

In *Commonwealth v. Galloway*, 460 Pa. 309, 333 A.2d 741 (1975), our Supreme Court held that there is no basis to dismiss an appeal by a defendant who escapes during an appeal but returns to the court's jurisdiction before a decision is rendered. On the same rationale, that court remanded to the trial court for consideration of post-trial motions originally denied on the basis of the Galloway's earlier fugitive status even though Galloway had been appre-

hended prior to that denial. *Galloway* stands for the proposition that a court is not to dismiss a *pending* review where a defendant is no longer a fugitive.

In *Commonwealth v. Boyd*, 244 Pa.Super. 98, 366 A.2d 934 (1976), this court held that a trial court may, in the exercise of its discretion, refuse to *reinstate* post-trial review where the motions filed on the defendant's behalf were dismissed in his absence. We were not confronted with whether a trial court *must* dismiss post-trial motions of a defendant. The question before us was whether the trial court's *reinstatement* of post-trial review was discretionary; we found it to be so. Hence, I do not subscribe to the Majority's reliance upon this case as authority for the proposition that the trial court was required to dismiss the pending review.

In *Commonwealth v. Albert*, 260 Pa.Super. 20, 393 A.2d 991 (1978), the defendant escaped and continued to be a fugitive while his appeal was pending. We quashed that appeal on the basis of the defendant's continuing fugitive status and stated in *dicta* that, pursuant to *Galloway*, review would have been proper had Albert returned to the court's control prior to the time of disposition. Again, we were not confronted with the question of whether the trial court or this court was *compelled* to dismiss in the defendant's absence. Thus, I am also unable to join in the majority's reliance upon *Albert* for the proposition that the trial court was compelled to dismiss post-trial motions in the instant case.

In *Commonwealth v. Clark*, 300 Pa.Super. 315, 446 A.2d 633 (1982), *cert. denied*, 496 U.S. 942, 110 S.Ct. 3229, 110 L.Ed.2d 675 (1990), we affirmed a trial court's refusal to reinstate post-trial motions as a proper exercise of discretion. Like *Boyd* and *Albert*, *Clark* may not properly be relied upon for the proposition that the trial court must dismiss pending motions where the defendant continues to be a fugitive. Simply, that issue was not before this court.

Two years after this court decided *Clark*, our Supreme Court once again addressed the powers of Pennsylvania

courts to dismiss cases based upon the defendant's fugitive status. In *Commonwealth v. Passaro*, 504 Pa. 611, 476 A.2d 346 (1984), the Court reviewed a decision of this court to quash Passaro's appeal on the basis that he had escaped while his appeal was pending before this court. Passaro had returned to Pennsylvania following this court's dismissal of his appeal, and he filed a petition for reinstatement. This court denied that petition.

Passaro appealed to our Supreme Court, contending that his right to appellate review, which is guaranteed by Article 5, section 9 of the Pennsylvania Constitution, could not be waived by escape. Our Supreme Court held that, even though the right of appeal is guaranteed by the Pennsylvania Constitution,

> [T]he right to appeal is conditioned upon compliance with the procedures established by this Court, and a defendant who deliberately chooses to bypass the orderly procedures afforded one convicted of a crime for challenging his conviction is bound by the consequences.

*Passaro*, 504 Pa. at 614, 476 A.2d at 348. The Court held that "[t]he fact that a defendant is subsequently recaptured provides no basis for *disturbing an order dismissing his appeal.* ... [A] defendant who elects to escape from custody forfeits his right to appellate review." *Id.,* 504 Pa. at 616, 476 A.2d at 349 (emphasis added).

The Passaro court went on to state:

> [Passaro] does not challenge the fact that his escape justified the initial quashing of the appeal. Thus the question is not whether he should be stripped of his right of appeal because of his escape, but rather whether his apprehension, which he in no way assisted, should entitle him to rights already forfeited. We can ascertain no reason in logic or any policy which would support such a conclusion.

*Id.,* 504 Pa. at 616–17, 476 A.2d at 349. *See also, Commonwealth v. Judge,* —— Pa. ——, 609 A.2d 785 (1992).

As in *Boyd* and *Clark,* the issue in *Passaro* concerned the *reinstatement of review already dismissed* during and as a

result of the defendant's escape. Each of those cases determined that a defendant is not *entitled* to have his right of review reinstated where he has escaped.

In *Commonwealth v. Luckenbaugh,* 356 Pa.Super. 355, 514 A.2d 896 (1986), the defendant had escaped after filing a motion to reconsider sentence on the basis that the sentencing judge had erroneously calculated his prior record score. This court determined that the trial court had properly dismissed the motion to reconsider because the defendant was then a fugitive. Nevertheless, we noted that the defendant had returned to our jurisdiction, and we proceeded to address the merits of the issues presented on the basis that the legality of a sentence could not be waived. *Luckenbaugh,* 356 Pa.Superior Ct. at 357 n. 1, 514 A.2d 897 n. 1.

The dissenting opinion in *Luckenbaugh* argued, to my view correctly, that, while the legality of a sentence cannot be waived, under *Passaro,* a defendant may *forfeit* any entitlement to review by escaping while that review is pending.

The Supreme Court granted review of the *Luckenbaugh* decision and reversed in a per curiam one line order:

Order of the Superior Court reversed. *See Commonwealth v. Passaro,* 504 Pa. 611, 476 A.2d 346 (1984).

*Luckenbaugh,* 520 Pa. 75, 550 A.2d 1317 (1988).

Finally, in *Commonwealth v. Jones,* 388 Pa.Super. 22, 564 A.2d 983 (1989), *affirmed* —— Pa. ——, 610 A.2d 439 (1992), this court considered whether we are empowered to reinstate post-trial motions which were dismissed by the trial court on the grounds that the defendant was then at large. We determined that, given our Supreme Court's decisions in *Passaro* and *Luckenbaugh,* this court lacks such power. *Jones,* 388 Pa.Superior Ct. at 31, 564 A.2d at 987.

Having carefully considered *Jones, Passaro* and *Luckenbaugh,* I am unable to glean any support for the proposition that an appellate court cannot review an appeal where the defendant was a fugitive *prior* to appeal where the trial court *did not* dismiss post-trial motions. Rather, if those

cases tell us anything applicable here, it would be that, as an appellate court, we should not interfere with the trial court's discretionary decision to address a former fugitive's post-trial motions on the merits.

The cases relied upon by the Majority fail to support either that a trial court *must* dismiss a defendant's post-trial motions if the defendant becomes a fugitive, or that this court has no power to hear an appeal from a judgment of sentence rendered against a defendant who was a fugitive prior to appeal where the trial court has not dismissed his post-trial motions. Both of these propositions are required in order to reach the Majority's conclusion that we are unable to render appellate review of the issues presented.

I reject the Majority's determination that, because Lines absconded during the proceedings before the trial court, both that court and this court are prohibited from reviewing the merits of Lines' issues. Instead, I would hold that the trial court's refusal to act upon the Commonwealth's motion to dismiss is to be reviewed on an abuse of discretion standard. *Cf. Boyd; Clark.* As applied to this case, I would conclude that the trial court has not abused that discretion; therefore, I would address Lines' outstanding issues on the merits. Having considered the arguments which Lines' presents in his brief, I conclude that these issues would afford him no relief. Accordingly, I would affirm the judgment of sentence.

For the forgoing reasons, I dissent.